# Sloan, Appellant *v.* Philadelphia & Reading Railway Co.

*Appeals—Judgment n. o. v.—Effect of reversal—New Trial.*

1. Where on an appeal from a judgment non obstante veredicto, the judgment is reversed, and the record remitted with directions to the court below to enter such judgment as law and right may require, the case then stands as though no proceedings in the court below had been taken after the rendering of the verdict, and it is for that court below to take such action as in its judgment, law and right require.

2. If after such a reversal the court below orders a new trial unconditionally, the appellate court on an appeal from such order will assume the order was made in the exercise of a sound discretion, with a view to accomplish the ends of justice, and will not reverse it.

Argued Jan. 16, 1912.    Appeal, No. 309, Jan. T., 1911, by plaintiff from order of C. P. No. 2, Phila. Co., Sept. T., 1906, No. 5020, making absolute rule for new trial in case of John J. Sloan v. Philadelphia & Reading Railway Co.    Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.    Affirmed.

Motion for judgment on verdict.

On the motion and rule the following opinions were filed:

SULZBERGER, P. J.    Judgment for defendant n. o. v., entered by this court, was reversed by the Supreme Court, with direction that judgment be entered for the plaintiff.    The defendant, thereupon, prayed the Supreme Court to modify its judgment, and the following order was made:

"And now, June 13, 1911, so much of the judgment heretofore entered as renders judgment on the verdict for plaintiff is now reconsidered and rescinded, and the record is remitted, with directions to the court below to enter such judgment as law and right require."

On the interpretation of this order a conflict arises. The plaintiff moves for judgment on the verdict; the defendant moves for a new trial. The dispute hinges on the construction of the direction "to enter such judgment as law and right require." If the word "judgment" is to be understood in its proper legal sense, it means here a judgment on the verdict. The entry of such a judgment would comply with the direction of the Supreme Court, in so far as it would be in —accordance with "law." The order, however, is "to enter such judgment as law and right require." We are all of opinion that the verdict is unjust, and "right" would require us to set it aside. Where law and right (equity) are thus in conflict, a judgment in accordance with both is impossible, and it is, therefore, reasonable to assume that the word "right" is used here as a mere synonym for "law," and that judgment should be entered on the verdict for the plaintiff.

This I take to be the meaning of Hughes v. Miller (192 Pa. 365). The worst that can be said against this construction is that the system of trial by jury, like all other human institutions, is imperfect. There have been three trials of this case. Presumably, at the last trial, the defendant presented all the evidence at command, and a new trial would not add to it. If we now enter judgment on the verdict, the defendant has his appeal, wherein he may take advantage of any reversible error committed. The disadvantage suffered by him in consequence of our erroneous judgment n. o. v. is entirely eliminated, and he stands just where he stood.

His present position is, therefore, in effect, that we fell into error in discharging the rule for new trial, and that we should now cure it by rescinding that order, reinstating the rule and making it absolute.

There are, it is true, dicta which says that when the court is dissatisfied with the verdict, it shall set it aside over and over again, until a jury can be found

which shall adopt the court's standard for judging facts. This, however, cannot be considered a principle of law. The jury is the constitutional tribunal for finding facts, and, though the court's supervision of it goes far, it can scarcely be held to override it completely. When, therefore, a reasonable number of trials has been held, regard must be paid to the propriety and necessity of ending litigation, in justice as well to the parties in the cause as to other parties who, having an equal right to have their cases tried, are not to be barred by the perpetual intrusion of one case as an obstacle.

The entry of judgment for the plaintiff would not hurt the defendant. It has had its fair opportunity here, and would have another chance on appeal, and, though none of us is satisfied with the verdict, I think that there ought not to be a right to an unlimited number of new trials.

I would, therefore, enter judgment for plaintiff on the verdict. My brethren, however, in an opinion filed this day, have resolved that the order of the Supreme Court leaves us free to grant a new trial. In accordance with the majority opinion, it is now directed that the order discharging the rule for new trial is vacated, and the rule for new trial is made absolute.

WILTBANK, J.: I am of the opinion that the order heretofore made discharging the rule for a new trial should be vacated, the rule reinstated, and thereupon made absolute. It is my conclusion that the record of the Supreme Court, and of this court, discloses our duty thus to act. The judgment entered by us for the defendant non obstante veredicto was erroneous, and we are directed to review the proceedings upon the last trial, and thereupon to enter such judgment as law and right require. Our refusal of a new trial to the defendant was not because the plaintiff was entitled to recover, but it was because we deemed it according to

law to afford the defendant the readier and more complete relief of a final judgment in his favor. In this we exceeded our power, but had we not gone so far, it cannot be disputed that we should and would have granted a new trial. Such, obviously, would have been imperatively our duty. The discharge of the rule was, therefore, matter of form. Our adhering to that action at this stage would not eliminate the disadvantage suffered by the defendant under our error, nor would he stand just where he stood when we condemned the verdict against him. His prospect of the new trial is greater here than it would be were we to send him to the Supreme Court, which tribunal, as I understand the authorities, exercises its power only in cases of the clearest error on the trial. Our entry being merely formal, concluded nothing as matter of substance. It was a step necessary to the orderly framing of the record for the proper dismissal of the action in this court, or for the due presentation of the record to the appellate tribunal. This view of the case is, I think, beyond dispute. We had unanimously determined that two verdicts had been contrary to the evidence, viewed with regard to its substance and effect, and also with regard to the credibility of the witnesses. This is declared to be still the unanimous opinion of the court. I submit that it would not be according to law and right that we should violate precedent and now sustain the claim of the plaintiff, to subject the defendant to a pecuniary charge which the proofs did not warrant.

As I understand the contention of the plaintiff, this view is not arguable, because we are under the peremptory mandate of the Supreme Court to enter judgment for the plaintiff pursuant to the discharge of the rule for a new trial. It is contended that we have no discretion, but that it is our duty to affirm, without modification, our previous order, and to enter judgment accordingly.

But the  order relied upon embodies no prohibition

of other action should we deem such to be according to law and right.   In prescribing "such judgment," it implies more than one judgment as within our power in the exercise of our discretion, and that judgment must be such as is determined by us according to the law of the case.   We are not bound immoveably by a formula involving the injustice of a negation of our three determinations against the claim of the plaintiff to adjudge a claim lawful, when we have recorded and still record that it is otherwise.

This view does not bear unduly upon the plaintiff. It does not determine the merit of his case, nor deprive him of a remedy.   He may still go to the country on the issue raised by the pleadings.   The proceeding will not be affected one way or the other by what has heretofore passed in the cause; and it is of essential right that the defendant should have an appeal to another jury.   The cases cited are to this effect:   Hughes v. Miller, 192 Pa. 365; Hardoncourt v. Iron Co., 225 Pa. 379.

The rule for a new trial is reinstated, and the same is hereby made absolute.

In this our Brother BARRATT concurs.

*Error assigned* was order making absolute rule for new trial.

*Augustus Trask Ashton,* with him *Victor Frey* and *Maurice V. Daniels,* for appellant.

*Wm. Clarke Mason,* for appellee.

PER CURIAM, February 19, 1912:
Where on an appeal from a judgment non obstante veredicto, the judgment is reversed, and the record remitted with directions to the court below to enter such judgment as law and right require, the case then stands as though no proceedings in the court below had been

taken after the rendering of the verdict; and it is for the court below to take such action with respect to the verdict as in its judgment law and right require. It follows that it may either direct judgment on the verdict, order a new trial on refusal of plaintiff to accede to a reduction in amount of the verdict, or order a new trial irrespective of any such condition. Within these limits the verdict is in the power of the court. In this case a new trial was ordered unconditionally. We must assume that this was done in the exercise of a sound discretion by the court, with a view to accomplish the ends of justice, and the action is therefore not reviewable.

The appeal is dismissed at the cost of appellant.