# Bowser, Appellant, *v.* Citizens Light, Heat & Power Co.

*Negligence—Electric light company—Exposed wire—Contributory negligence—Presumption—Defense by cross-examination of plaintiff—Admission of record—Agreement of counsel—Judgment n. o. v.—Defense not pleaded in affidavit of defense—Act of May 14, 1915, P. L. 483.*

1. On an application for judgment for defendant non obstante veredicto, the testimony should not only be read in the light most advantageous to plaintiff, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact, and inference of fact, which may reasonably be deduced from the evidence.

2. Where the issue of contributory negligence has been submitted to the jury, a finding in favor of plaintiff will not be set aside, unless, upon the review of the evidence in the light most favorable to plaintiff, it is inconceivable that a rational mind, desiring only a just and proper determination of the question, could reasonably reach any other conclusion than that plaintiff had brought about or contributed to the injury by his own carelessness —that is, after determining all doubts and drawing all inferences in favor of plaintiff, it must be clear that he was guilty of contributory negligence, before it can be so ruled as a matter of law.

3. In an action against an electric light company to recover damages for the death of plaintiff's husband, a judgment for defendant n. o. v. will be reversed, where the following facts appear: Deceased was found dead in contact with a fallen high-voltage wire maintained along a pathway beside a public road immediately in front of his residence; it was admitted of record that early on a morning stated "while in the act of entering his premises, deceased came in contact with said fallen electric wire, by his body touching the same; that he was immediately knocked to the ground, in an unconscious condition, where he remained prostrate, the said wire adhering to his body in his unconscious act of falling [he], having become engaged and entangled in said wire with his left hand and arm"; the evidence tended to show that deceased discovered, sometime during the night, that the wire was down, and said to his wife: "If the children get up, I wouldn't let them go down the road"; he left his house early in the morning, walking to the stable, and later was observed on the road going to the place where the wire had fallen; he was next seen by

his wife and one of his children, lying on his back, dead, with the live wire touching his left hand; his left arm was "raised up" and "extended to the wire" which was either "on" or "in his hand," and his thumb was damaged and forefinger almost burnt off; at a short distance from where deceased lay, the daughter of deceased,—going to his aid—received an electric shock which threw her against a telegraph pole, several feet away; and his wife while attempting to approach the body, was knocked across an adjacent ditch, falling on her hands and knees; the ground was very wet from a recent rain.

4. In such case, the appellate court will not sustain the conclusion of the trial court that the only "reasonable inference" which could be drawn from the proved facts was "that deceased, from motives of curiosity, went to the wire, grasped it in his left hand, and thus met his death."

5. It is quite within the range of reason and probability that deceased, while investigating to see how he might best guard the approach to the fallen wire (not appreciating the fact that, the ground being very wet from the recent rain, the danger was enhanced), ignorantly, not heedlessly, approaching too close to it, receiving a shock which caused him to fall toward, in place of away from, the danger, thus becoming "entangled in said wire with the left hand and arm."

6. The evidence suggests and the law assumes deceased knew that danger attends contact with electric wires; and there is a presumption, for what it is worth, that he did not purposely run into it.

7. Not determined whether defendant had the right to raise the issue of contributory negligence when not pleaded by affidavit of defense under the Act of May 14, 1915, P. L. 483.

8. Not determined whether defendant had the right to rest a defense of contributory negligence upon the testimony of plaintiff on cross-examination, she having been called for that purpose by defendant.

*Appeals—Appeal by plaintiff—Complaint of defendant as to errors—Contradictory facts asserted by plaintiff called on cross-examination.*

9. On an appeal by plaintiff from an order entering judgment for defendant n. o. v., the appellate court is not in a position to determine, on defendant's complaint, alleged erroneous rulings regarding defendant's right to contradict facts asserted by plaintiff when cross-examined at defendant's call.

*Evidence—Witnesses—Indication of space or distance—Action, of hands—Explanation of gestures—Record—Appeal—Review—Presumption—Practice—Reversal—Form of remittitur.*

10. When witnesses, by the action of their hands or otherwise, undertake to indicate time, space, distance, or anything else, counsel eliciting the evidence should be careful to have an intelligent explanation placed upon the record so that the testimony may be understood on review, otherwise, whenever the notes are not clear, the appellate court must give them the interpretation which supports the verdict.

11. On reversing an order entering judgment for defendant n. o. v., with a motion for a new trial pending, the appellate court will direct that the record be remitted to the court below to enter such order or judgment (other than the one reversed) as law and right require.

Argued May 3, 1920. Appeal, No. 64, Oct. T., 1920, by plaintiff, from order of C. P. Somerset Co., Feb. T., 1919, No. 98, entering judgment for defendant n. o. v., in case of Mary J. Bowser v. Citizens Light, Heat & Power Co. Before BROWN, C. J., STEWART, MOSCH-ZISKER, FRAZER, WALLING and SIMPSON, JJ. Reversed.

Trespass for death of plaintiff's husband. Before BAILEY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,500. The court subsequently entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was, inter alia, entry of judgment n. o. v., quoting record.

*Charles F. Uhl, Jr.,* with him *Albert A. Daub, A. Taylor Smith, Wm. A. Gunter* and *Charles H. Ealy,* for appellant.—The case was for the jury: Penna. R. R. v. Weber, 76 Pa. 157; Longenecker v. Penna. R. R., 105 Pa. 328; Allen v. Warwick Twp., 9 Pa. Superior Ct. 507; Penna. Canal Co. v. Bentley, 66 Pa. 30; Rauch v. Smedley, 208 Pa. 175; Cohen v. P. & R. R., 211 Pa. 227.

*Ernest O. Kooser,* with him *Norman T. Boose,* for appellee.—The ruling of the court below in directing judgment for the defendant n. o. v., is fully sustained by the decisions: Wood v. Diamond Electric Co., 185 Pa. 529; Weir v. Haverford Elec. Light Co., 221 Pa. 611; Hærtel v. Penna. L. & P. Co., 219 Pa. 640.

OPINION BY MR. JUSTICE MOSCHZISKER, May 26, 1920:

Albert J. Bowser was killed September 4, 1918, through what his widow claimed to be the negligence of the Citizens Light, Heat & Power Company, of Salisbury, Pa.; she sued in trespass and recovered a verdict, but the court below, without passing upon defendant's motion for a new trial, entered judgment in its favor n. o. v.; plaintiff has appealed.

The evidence warrants a finding that defendant negligently maintained, along a pathway beside a public road, immediately in front of plaintiff's residence, a high-voltage electric wire; it fell to the ground, and the jury found that Bowser was killed by contact therewith. The trial judge held the only "reasonable inference" which could be drawn from the proved facts was "that deceased, from motives of curiosity, went to the wire, grasped it in his left hand, and thus met his death"; but, since the verdict conclusively shows the jury did not draw this inference, the question we have to determine is—Was the court below warranted in taking the case into its own hands and, as a matter of law, determining the issue of Bowser's alleged contributory negligence against plaintiff?

Upon an inquiry such as we have before us, "the testimony should not only be read in the light most advantageous to plaintiff, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact, and inference of fact, pertinent to the issues involved, which may reasonably be deduced from the evidence": Mountain v. American Window Glass Co., 263 Pa. 181, 183. "Where the issue of contributory negli-

gence has been submitted to the jury, a finding in favor of the plaintiff will not be set aside, unless, upon a review of the evidence in the light most favorable to plaintiff, it is inconceivable that a [rational] mind, desiring only a just and proper determination of the question, could reasonably reach any other conclusion than that plaintiff had brought about or contributed to the injury by his own carelessness—that is, after determining all doubts and drawing all inferences in favor of plaintiff, it must be clear that he was guilty of contributory negligence, before it can be so ruled as a matter of law": Smith v. Standard Steel Car Co., 262 Pa. 550, 555.

The first evidential matter which we must consider is an admission of record that, "on the morning of September 4, 1918, Albert J. Bowser, while in the act of entering his premises, came in contact with said fallen electric wire, by his body touching the same; that he was immediately knocked to the ground, in an unconscious condition, where he remained prostrate, the said wire adhering to his body in his unconscious act of falling, [he] having become engaged and entangled in said wire with his left hand and arm."

In addition to the admitted facts just stated, plaintiff proved the wire fell to the ground some time during the night; Bowser discovered this and said to his wife: "If the children get up, I wouldn't let them go down the road"; he left his home early next morning and walked to a stable on the same lot; later, he was observed on the road going toward the place where the wire had fallen; he was next seen by plaintiff and one of her children, lying upon his back, dead, with the live wire touching his left hand.

No one saw the supposed electrocution, and the testimony presented by plaintiff—relative to Bowser's initial contact with the dangerous agency which seems to have brought about his death—simply shows that deceased's left forearm was "raised up" and "extended to the wire," which was either "on" or "in his hand"; that

his thumb was damaged and forefinger almost burnt off. The trial judge says, in his opinion entering judgment for defendant, that the fingers were partially closed; but any support which this statement has must have come from what plaintiff's witnesses indicated by use of their own hands. However, since there is nothing to show what these indications were, they are of no assistance to appellant on this review. "When witnesses, by the action of their hands or otherwise, undertake to indicate time, space, distance or anything else,......counsel eliciting the evidence should be careful to have an intelligible explanation placed upon the record, so that the testimony may be understood on review; otherwise, whenever the notes are not clear, we must give them the interpretation which supports the verdict": Com. v. Principatti, 260 Pa. 587, 601, 602.

It further appears by the testimony in question that, a short distance from where Bowser lay, the daughter of deceased—going to his aid—received an electric shock which threw her against a telegraph pole, several feet away; and that Mrs. Bowser, while attempting to approach the body, was knocked across an adjacent ditch, falling on her hands and knees.

When the above-quoted admission and recited facts are taken into consideration, we cannot agree with the conclusion that the only "reasonable inference" to be drawn therefrom makes against plaintiff's right of recovery. The evidence suggests, and the law assumes, deceased knew that "danger attends contact with electric wires" (Hærtel v. Pa. L. & P. Co., 219 Pa. 640); and there is a presumption, for what it is worth, that this unfortunate man did not purposely run into harm. Of course, if in any given instance the evidence depended upon by a plaintiff so strongly indicates heedlessness that the conclusion of contributory negligence is inevitable, the presumption to which we refer would count for naught; but, here, as before stated, we cannot agree such to be the case. It is quite within the range of rea-

son and probability that plaintiff's husband, while investigating to see how he might best guard the approach to the fallen wire (not appreciating the fact that, the ground being very wet from recent rain, the danger was enhanced), ignorantly, not heedlessly, approached too close to it, receiving a shock which caused him to fall toward, in place of away from, the danger; that he thereby became (in the words of the admission) "entangled in said wire with his left hand and arm." In fact, the admission, standing by itself, rather suggests this as the true state of affairs, and there is nothing in the evidence which indicates, in any conclusive manner, that Bowser purposely grasped the wire, as inferred by the trial judge.

Upon a full consideration of plaintiff's proofs, including the evidence brought out on her cross-examination, we are not convinced that the issue of Bowser's alleged contributory negligence can properly be ruled as a matter of law; the court below erred in so treating it.

The two other points argued by appellant—(1) the right of the electric company to raise the issue of contributory negligence, when not pleaded by affidavit of defense under the Act of May 14, 1915, P. L. 483, and (2) concerning the company's right to rest such a defense upon the testimony of plaintiff on cross-examination, she having been called for that purpose by defendant—need not now be determined, owing to the views already indicated; but both of these questions have been recently discussed by us—the first in Flanigan v. McLean et al., 267 Pa. 553, and the second in Albrecht v. Erie City, 265 Pa. 453, 455-6. See also Reibstein v. Abbott's Alderney Dairies, 264 Pa. 447, and cases there cited.

Finally, since this appeal is by plaintiff, we are not in a position to determine the alleged erroneous rulings on the evidence to which appellee directs our attention—regarding defendant's right to contradict facts asserted by plaintiff when cross-examined at the former's call;

but, while intimating no opinion as to these particular rulings, we note that relevant general discussion may be found in Dunmore v. Padden, 262 Pa. 436, 438, 439.

There have been two cases of electric contact, resulting in death, decided by this court during the present year—Mayhugh v. Somerset Tel. Co., 265 Pa. 498, and Williams v. Metropolitan Edison Co., 267 Pa. 158. In the first we affirmed judgment on a verdict for plaintiff and in the second judgment for defendant n. o. v.; but both of these are so readily distinguishable on their facts from the present case that neither requires further notice, and this statement applies to all authorities cited which we have not otherwise mentioned.

The powers of the trial court under the order about to be entered are fully explained in Sloan v. P. & R. Ry. Co., 235 Pa. 155, 159, 160.

The judgment for defendant n. o. v. is reversed, and the record is remitted with directions to the court below to enter such order or judgment (other than the one now reversed) as law and right require.