## Bowser *v.* Citizens Light, Heat & Power Co., Appellant.

*Negligence—Judgment n. o. v.—Reversal—New trial—Evidence —Case for jury.*

In a negligence case, where a judgment n. o. v. is entered for defendant, and this is reversed on appeal, and a new trial ordered, it is not error for the court below on a second trial, to submit the case to the jury, where the evidence is substantially .the same as on the first trial.

Argued September 29, 1921. Appeal, No. 157, Oct. T., 1921, by defendant, from judgment of C. P. Somerset Co., Feb. T., 1919, No. 98, on verdict for plaintiff, in case of Mary J. Bowser v. Citizens Light, Heat & Power Co. of Salisbury. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before SLOAN, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,659.75. Defendant appealed.

*Error assigned,* inter·alia, was refusal of defendant's motion for judgment n. o. v., quoting record.

*Francis J. Kooser* and *Ernest O. Kooser,* with him *Norman T. Boose,* for appellant.

*Charles F. Uhl,* of *Uhl & Ealy,* with him *Albert A. Daub, A. Taylor Smith* and *Wm. A. Gunter,* for appellee.

BOWSER *v.* CITIZENS LIGHT, H. & P. CO., Appel. 539

1922.]                Opinion of the Court.

PER CURIAM, January 3, 1922:

When this case was here before (267 Pa. 483) we ruled that the issues involved were for the jury; since then they have been submitted to a jury and found against defendant.

The following excerpt from the opinion of the court below, entering judgment for plaintiff, is all that need be said in disposing of the present appeal: "The defendant's contention now is, that the opinion of the Supreme Court [referred to above] was largely based on admission of facts in the record [of the first trial] and that the evidence produced on the second trial was not of such a character as to sustain the verdict; we cannot agree with this contention. In our judgment there is no substantial difference in the facts admitted on the first trial and the proofs offered on the second; and there is nothing in the facts and circumstances which developed on the second trial that would warrant the court in saying as a matter of law that the deceased was guilty of contributory negligence."

Judgment affirmed.