# McHenry v. Marion Center Coal Mining Co., Appellant.

*Workmen's compensation—Evidence—Objection—Striking out —Declarations—Appeals—Review.*

1. Where no objection was made to the admission of declarations of a workman after an accident, and no motion made to strike them out, the appellate court is not called upon to consider their admissibility.

*Evidence—Object indicated by witness—Method of placing indication on record—Workmen's compensation—Records—Appeals— Review.*

2. When a witness indicates anything that is important to the decision of an issue, counsel should see that a proper description is placed upon the record at the time, showing not merely the bare fact that the witness indicated something, but exactly what he pointed out, so that the notes may be properly understood by one not present at the trial.

3. If the notes of testimony are not clear as to the object or theory indicated, the appellate court will give them the interpretation which supports the judgment.

4. In compensation cases the record made at the time a witness testifies before the referee and indicates something, should show what the witness meant by the indication, inasmuch as the referee's recollection of what happened before him may not always be deemed sufficient.

5. Compensation referees and compensation boards should have their records in the same condition that records in all judicial proceedings should properly appear.

6. In this case the proofs, though meagre, were held sufficient to show that the injury occurred in the manner the claimant alleged.

Argued March 17, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 14, March T., 1926, by defendant, from judgment of C. P. Indiana Co., June T., 1925, No. 432, sustaining decision of Workmen's Compensation Board allowing claim, in case of Cora McHenry v. Marion Center Coal Mining Co. Affirmed.

Appeal from decision of Workmen's Compensation Board, allowing claim. Before LANGHAM, P. J.

Decision sustained. Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*Chester D. Fetterhoof,* with him *L. E. Miller,* for appellant.—The burden of proof is upon the claimant to prove her case by a preponderance of evidence: Condron v. Coal & Iron Co., 78 Pa. Superior Ct. 133; Mauchline v. State Ins. Fund, 279 Pa. 524.

The question whether or not there is any evidence to support the findings of fact is one of law and may be reviewed: Stahl v. Coal Co., 268 Pa. 452; Farran v. Pub. Co., 276 Pa. 553; Laraio v. R. R., 277 Pa. 382.

All the declarations of deceased to his physicians and to George Cokely, the superintendent, are narrative of a past event, and under the hearsay rule are incompetent: Baushbach v. Reiff, 244 Pa. 559; Shadowski v. Rys., 226 Pa. 537; McCauley v. Imperial Wollen Co., 261 Pa. 312.

*Henry I. Wilson,* for appellee, cited: Riley v. Steel Co., 276 Pa. 82; Com. v. Gardner, 282 Pa. 458.

OPINION BY MR. JUSTICE SCHAFFER, April 12, 1926:

Defendant complains of the award of compensation to the widow of one of its employees on the ground that there was not sufficient competent evidence that the death of her husband was due to an accidental injury while in the course of his employment.

Deceased was employed as a fireman of stationary boilers. When John Anderson, who was likewise employed, apparently the first person who appeared upon the scene after deceased sustained the injury, and whose duty it was to relieve him, entered the boiler room for that purpose in the early morning, he was immediately told by deceased that he had jabbed himself on the sharp prong of a fork which was used about the boilers. Anderson did not see the accident, but as he entered the boiler room and when deceased spoke to him, the poker was still lying on the floor. No objection was made to the recounting by Anderson of what the deceased told him, nor was there any motion made to strike out; we are not therefore required to pass upon the admissibility of the declarations.

Just where the injury was located is not manifest from the testimony. Anderson's statement was that the deceased said, "There lays your fork, I jagged myself, and lifted up his hand." If this was all there was on the record, it would not be sufficient, but the referee who heard the witness testify and of course observed him as he did so says in his findings that Anderson indicated that the jab was in the back of the neck of deceased.

Furthermore, the cross-examination of Anderson would lead to the conclusion that the neck was the place of injury indicated. This is not the best way to establish a fact which is indicated by a witness. In Wagner v. Standard Sanitary Mfg. Co., 244 Pa. 310, and several cases following, we have pointed out that when a witness indicates anything that is important to the decision of an issue, counsel should see that a proper description is placed upon the record at the time, showing not merely the bare fact that the witness indicated something, but exactly what he pointed out, so that the notes may be properly understood by one not present at the trial. In that case and in others, the most recent of which is Bowser v. Citizens Light, Heat & Power Co., 267 Pa. 483, we have laid down the rule that whenever the notes of testimony are not clear as to an object or thing indicated by witnesses, the appellate courts will give them the interpretation which supports the judgment. The course pointed out in the Wagner case should be followed in compensation cases and the record made at the time a witness testifies should show what he meant by indicating, for the referee's recollection of what transpired before him may not always be deemed sufficient.

In addition to what has been detailed, the claimant testified that when her husband complained to her about a soreness on the back of his neck, which he did some days subsequent to his declaration to Anderson, she examined the back of his neck and observed that there was a hole in it and that it was red and inflamed. The physician who was called to attend him, but who did not see him until several days after the injury, said there was a small wound in the back of his neck—"a small little hole" such as could have been made by the prong of the fork; that deceased had this infected wound which caused his death from blood poisoning.

This record is not in the shape in which records in compensation cases should be, but our reading and

analysis of it convinces us that the injury occurred in the manner the claimant alleges; although the proofs are meagre, we do not deem them entirely insufficient to sustain the award. We think it proper at this time to call to the attention of compensation referees and the compensation board that the very important function which they are discharging in determining liability or its absence under the law should lead them to have their records in the same condition in which records in all judicial proceedings should properly appear and that loose findings of fact such as many of those made by the referee in this case unsupported by evidence are calculated to bring discredit on the compensation law and its administration.

The judgment is affirmed.