## First National Bank of Ford City, Appellant, *v.* Bowser et al.

*Promissory notes—Forgery—Case for jury—Evidence—Sufficiency.*

In an action on a judgment note, where the defense was that of forgery, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence of the defendant is contradictory and evasive, and there is sufficient testimony to support the conclusion that the defendant had signed the note.

Argued April 12, 1926. Appeal No. 2, April T., 1926, by plaintiff, from judgment of C. P. Armstrong

272, (1926).] Statement of Facts—Opinion of the Court.

County, December T., 1921, No. 84, in the case of The First National Bank, of Ford City, Pa., for the use of Louis Palombo, v. Leslie Bowser and Louis Palombo. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit on judgment note. Before GRAFF, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of the plaintiff in the sum of $600. Subsequently the court, on motion, entered judgment in favor of defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was in entering judgment in favor of the defendant non obstante veredicto.

*Guy C. Christy,* and with him *H. A. Heilman,* for appellant.

OPINION BY TREXLER, J., July 8, 1926:

Louis Palombo secured for Lloyd Bowser from the First National Bank of Ford City, $600 and to secure the loan, a judgment note, dated March 23, 1921, for said sum was given to it, bearing the signatures of Leslie Bowser and Louis Palombo. After the note became due, the usual notice of maturity was sent to the makers. Judgment was entered on the note, whereupon, Leslie Bowser, the defendant, petitioned the court to open the judgment, alleging that he had never signed same and that the signature appearing upon this paper was forgery. The court opened the judgment and at the trial, the jury found in favor of the plaintiff, Palombo, who had paid the note to the bank and thus became the use-plaintiff. The court entered judgment notwithstanding the verdict, and from this the plaintiff appeals.

There being an allegation of forgery, the plaintiff was put to his proof, precisely as if no judgment had

been entered. Shannon v. Caster, 21 Pa. Superior Ct. 294, 320. To meet this duty, the plaintiff called the defendant as of cross examination. The note in question was produced.

Defendant was asked by his counsel. "Q. I show you Exhibit No. 1 of the plaintiff, did you sign that note? A. I did not. Q. Is that your signature? A. That is it. Q. Did you sign it? A. Yes, sir, sure. Q. I mean this note. A. Yes, sir. By the Court: State whether that is your signature on that note. A. Yes, sir. By Mr. Golden: Did you sign this note, did you sign this one? A. No. Q. Did you make this writing here, Leslie Bowser? A. No, sir, I didn't make that, no, the note that I signed was on the lower line, I just went his bail. He came out and asked me to go his bail. By Mr. Heilman: You signed that note? A. I went his bail. Q. The note in front of you? A. Yes, sir." This was again followed by a denial when asked by his own counsel. Palombo testified that the defendant's son brought the note to him.

The cashier of the bank testified that he notified Mr. Bowser, more than once that this note was due, but that he received no response to his notices, except that Lloyd Bowser, Mr. Bowser's son came and said that the note would eventually be fixed up. There were several bankers, who did not claim to be experts on handwriting, but who were familiar with the defendant's signature, who testified they did not think the writing on the note was that of the defendant.

The inference might be drawn from the defendant's testimony that he was under the impression that he signed a note as security for Palombo, and as his name appears first in the note exhibited, he concludes that he never signed it.

His statements were contradictory, and the sum and substance of his story was for the jury. They had the

opportunity of hearing the testimony, and of observing the manner of the defendant; and could judge as to when he was telling the truth. Although the testimony of the bankers, after examination of the disputed signature, was to the effect that Bowser had not signed the note, the note in question and the undisputed signatures were taken out into the jury-room and the jurors could exercise their own judgment in comparing the signatures with the admitted signatures.

There was sufficient testimony introduced to warrant the conclusion that the plaintiff had signed the note. We think the court was wrong in disregarding the verdict. As the motion for a new trial remains undisposed of, we will make the order in the form indicated in Bowser v. Citizens L. H. & P. Co., 267 Pa. 483, 490.

The judgment for defendant n. o. v. is reversed, and the record is remitted with directions to the court below to enter such order or judgment (other than the one now reversed) as law and right require.