# First National Bank of Ford City *v.* Bowser, Appellant.

*Promissory notes—Forgery—Case for jury—Evidence—Sufficiency.*
In an action on a judgment note where the defense was that of forgery, the case is for the jury and a verdict for the plaintiff will be sustained where the evidence is sufficient to support the conclusion that the defendant had signed the note.

Argued April 29, 1927.   Appeal No. 114, April T., 1927, by defendant from judgment of C. P. Armstrong County, December T., 1921, No. 84, in the case of The First National Bank of Ford City, Pa., for use of Louis Polomba v. Leslie Bowser, Appellant.   Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Assumpsit on a judgment note.   Before GRAFF, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of the plaintiff in the sum of $600.00.   Subsequently the court, on motion, entered judgment in favor of the defendant non obstante veredicto.   Plaintiff appealed to the Superior Court, which court directed the court below to enter such order or judgment as law and right require.   Subsequently the lower court refused defendant's motion for a new

trial and entered judgment on the verdict.   Defendant appealed.

*Error assigned* was the order of the court.

*E. O. Golden,* and with him *Harry C. Golden,* for appellant.

*Guy C. Christy,* and with him *H. A. Heilman,* for appellee.

OPINION BY HENDERSON, J., July 8, 1927:

This case was here before on an appeal from an order of the trial court entering judgment in favor of the defendant non obstante veredicto (88 Pa. Superior Ct. 272).   We held in the opinion then filed that the evidence raised a question of fact properly submitted to the jury.   The judgment was therefore reversed and the court below was directed to enter such order as law and right required.   Judgment on the verdict having been entered in favor of the plaintiff, we have this appeal by the defendant in which the principal complaint is that the court refused to grant a new trial.   As no new evidence was introduced, this was properly refused.   The action was based on a promissory note given by the plaintiff to the Ford City Bank which note bore the name of the defendant.   The defense was that his signature was a forgery, and as that was a question of fact, the finding of the jury at the trial is conclusive; we having said in the opinion in the former appeal "there was sufficient testimony introduced to warrant the conclusion that the plaintiff had signed the note; we think the court was wrong in disregarding the verdict."   A reexamination of the evidence satisfies us of the propriety of the action of this court on the former appeal.   The evidence was somewhat contradictory, but was of such substance as to

enable the jury to say the note was signed by the defendant. The testimony was reviewed by Judge TREXLER in the opinion referred to and needs no further comment. We cannot say that the evidence that Polomba loaned Lloyd Bowser, a son of the defendant, $750 was not admissable, coupled with the statement that the latter promised to give the plaintiff the father's note, inasmuch as the son brought the note to Polomba and the defendant admitted that he had signed a note at the bank with the latter, but that he was the second signer on the note. The loan to the son might throw light on the contention that the defendant signed the note given to the bank. The case was within a close compass and we are not convinced that there was an abuse of discretion in the refusal to grant a new trial. Nor are the other assignments sustained. We are unable to agree with the argument of the defendant's counsel that when Polomba paid the note to the bank the obligation was extinguished. If, as alleged and the jury found, he was only security for Leslie Bowser, he was entitled to an assignment of the obligation as a means of recovering from the real debtor that which he paid as surety.

The judgment is affirmed.