Malter *v.* Kennedy, doing business as the McKees Rocks Taxi Company, Appellant.

Argued April 26, 1928.

Before PORTER, HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*A. Leonard Balter,* and with him *Ben Paul Brasley,* for appellant.

*John M. Gallagher,* for appellee.

OPINION BY PORTER, P. J., July 12, 1928:

The plaintiff brought this action in the county court to recover for damage to his automobile resulting from a collision with a taxicab of the defendant. He recovered a verdict and judgment in the county court, whereupon the defendant presented a petition to the Court of Common Pleas of Allegheny County for the allowance of an appeal to that court, averring in said petition that the judge of the county court before whom the case was tried erred in refusing defendant's request for binding instructions in his favor, and further, that the county court erred in refusing to enter judgment in favor of the defendant notwithstanding the verdict. The Court of Common Pleas granted a rule on plaintiff to show cause why the appeal should not be allowed, which rule it subsequently discharged. The defendant assigns for error the refusal of the Court of Common Pleas to allow an appeal.

The only question which the Court of Common Pleas was called upon to consider, under the allegations of the reasons for the allowance of an appeal in the petition presented by the defendant, was whether the county court erred in refusing to enter judgment in favor of the defendant notwithstanding the verdict, and that is the only question which we can consider in disposing of this case. The evidence adduced by the plaintiff at the trial and the inferences reasonably to be drawn therefrom would have warranted a finding of the following facts. The plaintiff was driving his own car westwardly along West Carson Street, in the city of Pittsburgh; there are upon that street two street car tracks and he was driving on the northerly, or right-hand, track; he intended to make a left-hand turn into Tabor Street, and before reaching that street he put out his left hand indicating that he intended to make such turn. There were a number

of automobiles driving eastwardly on the southerly street car track and the plaintiff stopped his automobile and permitted seven or eight automobiles driving in an easterly direction to pass; after these automobiles had passed he looked in each direction and the only vehicle approaching from the westward was a street car at a distance of about two hundred and fifty feet; he proceeded to make the turn into Tabor Street, looking ahead and glancing to either side for traffic. When the front wheels of his automobile had reached a point on the south rail of the street car track next to the south side of West Carson Street, he saw that the street car was then only about seventy-five feet away and he then for the first time saw defendant's taxicab, which was being driven eastwardly between the street car tracks and the south curb of West Carson Street at a rate of about forty miles an hour, evidently attempting to pass the street car. The plaintiff was then on the track upon which the street car was approaching. He drove on and his automobile had cleared the street car track and the front of it was within three feet of the south curb line of West Carson Street when the taxicab of the defendant was driven violently against the right-hand side of the automobile of the plaintiff and caused the injuries complained of. The plaintiff was driving slowly and the defendant contends that if he had driven more rapidly he would have gotten out of the way of the taxicab before the latter reached the street intersection. This contention is without merit. The evidence clearly established that the intersection of the streets was very well lighted; the automobile of the plaintiff was fully committed to the crossing and was more than half-way across the street when defendant's taxicab was seventy-five feet west of the intersection and the driver of the latter must have seen the position of plaintiff's car. The plaintiff being thus fully committed to the crossing when the car of the defendant

was distant therefrom had the right to assume that the driver of defendant's taxicab would approach the intersection with his car under control. In other words, the plaintiff was not required to anticipate and guard against the want of ordinary care on the part of the driver of the taxicab. When there was no vehicle within two hundred and fifty feet of the intersection at the time plaintiff undertook to make the left turn into Tabor Street it may be that he took the risk of satisfying a jury that he acted prudently, but the court could not declare, as matter of law, that he was guilty of contributory negligence. He was proceeding lawfully and had almost reached the south curb line of West Carson Street when his car was struck by that of the defendant: Bowser v. Citizens Light, Heat & Power Co., 267 Pa. 483; Davis v. American Ice Co., 285 Pa. 177; Moraski v. Yellow Cab Co., 84 Pa. Superior Ct. 605; Fox v. Cohen, 89 Pa. Superior Ct. 186. The assignment of error is overruled.

The judgment is affirmed.