## Lawrence v. Winterbottom, Appellant.

Argued October 22, 1935.

Before KELLER, P. J., BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Raymond A. White, Jr.,* for appellant.

*Albert L. Moise,* for appellee.

OPINION BY STADTFELD, J., December 18, 1935:

This was an action of trespass to recover damages for personal injuries sustained by plaintiff. The plaintiff, Lucy E. Lawrence, was a guest in the automobile owned by the defendant, Ada H. Winterbottom.

Defendant, in making a right-hand turn from Mt.

Airy Avenue into Germantown Avenue, in the City of Philadelphia, ran said automobile over the pavement on Germantown Avenue and into a marble foundation in front of a store on Germantown Avenue. The plaintiff was violently thrown against a metal piece of the automobile, and her right jaw was fractured.

The accident occurred at about 11:45 in the morning of September 1, 1934. It was a bright, sunny day and the streets were dry. Mt. Airy Avenue is 30 feet wide, and Germantown Avenue, thirty-six feet wide. Mt. Airy Avenue runs in an easterly and westerly direction, while Germantown Avenue runs in a northeasterly and southwesterly direction. Mt. Airy Avenue runs into Germantown Avenue, but does not continue directly opposite on the west side of Germantown Avenue. There is a double car track on Germantown Avenue, located in the center of the cartway. There are twelve foot sidewalks on Germantown Avenue.

Defendant's automobile was being driven in a westerly direction on Mt. Airy Avenue, approaching the intersection of Germantown Avenue. When the automobile arrived at the east side of Germantown Avenue, a traffic light, which was at the intersection, was red for Mt. Airy Avenue traffic, and the automobile came to a complete stop and then, after an interval of time, the car proceeded.

Plaintiff testified that the car started from a standstill and made the turn to go north on Germantown Avenue; the car, from the time it started, had gone a distance of about 35 or 40 feet; she was looking ahead as she got into Germantown Avenue and did not see any automobile coming south on said avenue in her immediate vicinity; she was not looking for anything beyond the length of the car.

The defendant, the operator of the automobile in which plaintiff was a passenger, testified that as she came to the intersection, the light was against her and

she came to a stop. She then attempted to make a right-hand turn, and coming down Germantown Avenue, there was a car which seemed like it was going to "clip" her and she pulled her wheels over to the right, and in so doing, went up on the pavement; that the other car was only a few feet away when she first saw it; the whole occurrence happened practically instantaneously.

There was no claim that plaintiff was chargeable with contributory negligence.

A request ex parte defendant for binding instructions, was refused. The court submitted the case to the jury in a charge directing them to find whether the accident happened solely as the result of negligence on the part of the defendant. The court also instructed the jury as follows: "Under the law, where an emergency arises, or danger looms up, if you are acting as a reasonably prudent person would act under the circumstances and you have no reason to expect the danger in the emergency, and an accident results by reason of a mistake in the judgment you exercised under the circumstances, the law does not hold you to the same high degree of care in an emergency as it does in ordinary circumstances where you have plenty of time to deliberate and make up your mind as to what to do ......
it is a question for you to say whether the defendant was guilty merely of a mistaken judgment in an emergency, or whether her conduct amounted to negligence."

No exception was taken to the charge. The jury found in favor of plaintiff in the sum of $800. A motion for judgment n. o. v. was overruled and judgment entered on the verdict in an opinion by McDEVITT, P. J. From that judgment, this appeal is taken.

Appellant claims that there was no evidence of negligence on the part of the defendant, and that the occurrence was caused by the sudden peril which arose after the defendant had driven her automobile in a

proper manner around the corner and about 35 or 40 feet north on Germantown Avenue, and that she turned her car onto the sidewalk in order to avoid an imminent danger.

The only assignments of error are to the refusal of binding instructions and overruling the motion for judgment n. o. v.

The verdict of the jury establishes the negligence of the defendant. On a motion for judgment non obstante veredicto, the plaintiff is entitled to have the testimony in her behalf considered in its most favorable aspects, and is to be given the benefit of every pertinent fact and inference of fact reasonably deducible therefrom, and all unfavorable to her rejected: Adams v. Gardiner, 306 Pa. 576, 160 A. 589; Bowser v. Citizens Light, Heat & Power Co., 267 Pa. 483, 110 A. 372; Kelso v. Philadelphia R. T. Co., 112 Pa. Superior Ct. 124, 170 A. 436.

In Hunter v. Pope, 289 Pa. 560, 137 A. 731, it was held that where a vehicle can properly be operated only in the cartway of a public highway, negligence may be inferred against one who runs it upon the footway, and injures another person lawfully thereon.

Appellant does not contend that the fact that plaintiff was an invited guest enters into the question in this case.

Under the testimony, the question of defendant's negligence was clearly for the jury. From defendant's own testimony, the inference is readily deducible that she either made too sharp a turn into Germantown Avenue, or was not paying proper attention to traffic coming from the opposite direction. She testified: "Well, I was not perfectly straight going up. My wheels were a little to the right as I was going up Germantown Avenue, because I was not heading directly north yet. I was still only a few feet from the corner, but I had to pull to the right, to swerve to the right, real quickly

when I saw this car coming toward me." At this time, the other car was a few feet away.

We see no error in the disposition of this case by the lower court.

The assignments of error are overruled and judgment affirmed.