## Probka, Appellant, *v.* Polis.

130

Argued October 13, 1936.

Before KELLER, P. J., CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*J. Morris Yeakle,* for appellant.

*G. A. Troutman,* of *Wesley, Wagoner; Troutman & McWilliams,* for appellee.

OPINION BY KELLER, P. J., December 11, 1936:

We think the learned court below, in entering judgment for the defendant non obstante veredicto, imposed too heavy a burden on the plaintiff; that the defendant's negligence and the plaintiff's contributory negligence were questions of fact for the jury, not of law for the court.

The action resulted from a right-angle collision of two automobiles at the intersection of Butler and Thompson Street, Philadelphia. The defendant offered no testimony. The verdict was in favor of the plaintiff. He is, therefore, entitled to have the testimony considered in the light most favorable to him and is to be

given the benefit of every fact and inference of fact which may be reasonably deduced from the evidence: *Bowser v. Citizens Light H. & P. Co.*, 267 Pa. 483, 110 A. 372; *Lawrence v. Winterbottom*, 120 Pa. Superior Ct. 292, 296, 181 A. 852.

Butler Street runs east and west and is twenty-five feet wide in the cartway. Thompson Street runs north and south. Both are two-way streets.

Between nine and ten o'clock on a July morning the plaintiff was driving his automobile south on Thompson Street, and traveling between twenty and twenty-five miles an hour. There are no buildings at the four corners of the intersection of the two streets; only vacant lots. When five or ten feet from the cartway of Butler Street, plaintiff looked to his left and saw defendant's automobile coming westward on Butler Street, sixty feet from the intersection, and traveling at about twenty-five to thirty miles an hour. The two vehicles did not approach or enter the intersection "at approximately the same time"; hence plaintiff had the right of way: Act of May 1, 1929, P. L. 905, sec. 1013. He was not bound to anticipate negligence on the part of the defendant *(McNulty v. Joseph Horne Co.,* 298 Pa. 244, 148 A. 105; *Swift v. Corrado,* 292 Pa. 543, 141 A. 491) who, by law, was required to yield the right of way to him. If defendant continued at the same rate of speed the plaintiff could safely cross the intersection.

Butler Street being a two-way street the plaintiff could not safely keep his gaze or attention fixed to his left on the defendant: *Swift v. Corrado,* supra, p. 547. Before he entered the half of the street given over to east-bound traffic he was bound to look to his right to see if any automobiles were coming from the west. Ibid. *Lewis v. Hermann,* 112 Pa. Superior Ct. 338, 341, 171 A. 109; *Bowers v. Gaglione,* 322 Pa. 329, 332, 185 A. 315. If he had not done so and had run into an east-bound vehicle he would have been guilty of negligence.

Plaintiff said he slowed up somewhat when entering the intersection. Traveling at twenty miles an hour, a person covers almost thirty feet in a second; at ten miles, fifteen feet a second. From the intersection, he had to go only twenty-five feet plus the length of his car to clear the street entirely, and less to clear the path of the approaching vehicle.

The plaintiff having looked to his left and seen the defendant sixty feet away, then glanced to the right and seeing nothing coming from that direction looked again to his left. The rear of his car was then in the middle of Butler Street and defendant only five feet away and coming at a greatly increased speed. Defendant's car struck the rear of plaintiff's car, whirling it around to the southwest corner and throwing plaintiff out on the cartway.

The collision was not caused by any negligence of the plaintiff in failing to keep his gaze fixed on defendant's car. He was required to look to the right before he entered on the second half of the two-way street: *Swift v. Corrado*, supra; *Lewis v. Hermann*, supra. It was caused (1) by defendant's failing to yield the right of way to the plaintiff coming from his right and (2) by his negligently increasing his speed on approaching or entering the intersection.

The situation would have been different had Butler Street been a one-way street, with traffic moving west; then there would have been no duty resting on the plaintiff to look to the right before entering on the second lane of traffic.

It would likewise have been different had the defendant, when plaintiff first saw him to his left, been approaching the intersection at such a high or reckless rate of speed that an ordinarily prudent person could not reasonably expect to clear the intersection of the paths of the two vehicles without a collision: *Stengel v. McMahon*, 116 Pa. Superior Ct. 349, 176 A. 857.

Expressions in opinions of the courts as to the duty of a motorist must always be read in connection with the facts of the particular case.

The judgment is reversed and is here entered for the plaintiff on the verdict.