Borits, Appellant, *v.* Tarapchak.

Argued April 16, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*George A. Shutack,* for appellant.

*Ben Branch,* for appellee.

OPINION BY MR. JUSTICE DREW, May 6, 1940:

Plaintiff brought this action in trespass, on behalf of herself and minor children, to recover damages for the

death of her husband, Charles Borits, caused by injuries sustained as a result of the alleged negligent driving of an automobile owned and operated by defendant. The jury returned a verdict for plaintiff. The learned court below entered judgment for defendant notwithstanding the verdict, and plaintiff appealed.

In this situation, the testimony in the case must not only be read in the light most advantageous to the plaintiff, all conflicts therein being resolved in her favor, but she must be given the benefit of every fact and inference of fact pertaining to the issues involved, which may be reasonably deduced from the testimony: *Hawk v. Penna. R. R. Co.,* 307 Pa. 214, 218.

Viewed and considered in this way, the testimony established the following facts: On the evening of September 15, 1937, defendant was driving his automobile in a southerly direction on Route 309, which is a public highway between the boroughs of Mauch Chunk and Lehighton, Carbon County. This highway traverses the village of Packerton, located a few miles south of Mauch Chunk. The accident happened about 7: 30 p. m. in front of the Schneider Hotel as defendant's car was entering the northern end of this village and while Borits was crossing the highway at that point to go to his home. At the scene of the accident, the concrete portion of the road is 20 feet wide, with an 8 foot shoulder on each side. At the time the collision occurred there was no other traffic on the highway. Borits had just left the hotel and was crossing the concrete road; he was struck by defendant's car, was knocked down and dragged a distance of approximately 40 feet, and died shortly thereafter.

Defendant was the only eyewitness to the actual happening of the accident. He was called by plaintiff as for cross-examination. Where a person adversely interested is called as for cross-examination, the person calling him is bound by the testimony elicited if uncontradicted: *Maguire v. Brogin,* 314 Pa. 306, 310; *Conley v. Mervis,*

324 Pa. 577, 586. According to defendant's testimony, he was driving southwardly on his right side of the road, his headlights were burning, and he could see the road for a distance of 200 feet ahead. As he approached the hotel, operating his car at a speed of about 25 miles per hour, he suddenly saw Borits stepping out on the road when the car was about 20 feet from him. He said that Borits, with his head down, walked to the center of the highway; that in an effort to avoid striking him, he swerved his car to the left, without decreasing its speed, in an attempt to pass around in front of him; that just then Borits raised his head, saw the car, leaped forward, and was struck and killed. The defendant also testified that his car was then 2 feet from the center line of the highway and on the left side in the direction he was going. If this is true, there would seem to be a contradiction in defendant's testimony, because Borits could not have walked 10 or 12 feet while the car, running 25 miles an hour, only ran 20 feet. It would be physically impossible for him to walk at half the speed of the car, 12½ miles an hour. The question is not whether defendant was negligent, however, but whether Borits exercised due care. We are bound to conclude that he did not. He walked out on the road, with his head down, while defendant's car was approaching and close by, and was extremely careless in placing himself in such imminent danger. He did not see the car until it was upon him, and this despite the fact that the uncontradicted testimony shows that when Borits was in a safe place at the side of the road he had an unobstructed view of 485 feet in the direction from which defendant's car came, and that if he looked at all before stepping on the highway, he was bound to see the car approaching with its lights burning.

The learned court below did not err in allowing the motion for judgment n. o. v. on the ground that Borits was guilty of negligence as a matter of law. One who voluntarily attempts to pass in front of an approaching

vehicle, when it is dangerously near, assumes the risk: *Watson v. Lit Brothers,* 288 Pa. 175, 179. By assuming the risk of proceeding to cross under the circumstances as disclosed by the evidence adduced by plaintiff, Borits was oblivious of danger and chose to walk by faith. As we said in *Danks v. Pittsburgh Rys. Co.,* 328 Pa. 356, 358: "The testimony shows that plaintiff was inattentive and careless to a degree amounting to indifference to danger in undertaking the hazard of crossing . . . It was his duty to look immediately before entering upon the cartway, and to continue to look as he proceeded across. . . ." Borits' own negligence contributed greatly to the unfortunate happening. We have had in mind the presumption that Borits used due care. That presumption was destroyed in this case by the introduction by plaintiff of uncontradicted testimony that clearly showed he was negligent.

Judgment affirmed.