## Martin, Appellant, v. Meil.

Argued January 15, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, JONES and COHEN, JJ.

*Emanuel H. Klein,* for appellant.

*Ward Clark,* with him *William M. Power,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 18, 1957:

Two miles south of Quakertown in Bucks County the Lower Trumbauersville Road (an 18 feet wide Road running east and west), intersects Route 309 (a 30 feet wide three-lane Highway running north and south). On a clear evening in October 1947, shortly after 7 o'clock, the plaintiff, Martin, was driving his automobile in an eastwardly direction along the Road. When he arrived at the intersection he looked to his right and to his left. On his right, having clear vision for at least half a mile, he noted only one automobile, the defendant's, traveling northward on the Highway about 700 feet south of the intersection. Martin then entered upon the intersection and, proceeding at five miles an hour, drove 18 to 20 feet across the Highway. While in the middle lane Martin looked again to his right and saw the defendant's automobile some 100 feet away in the northbound lane. The plaintiff thereupon

accelerated his car and continued across. A collision between the vehicles occurred on the Road just east of the intersection.

Plaintiff Martin instituted suit for personal injuries. Meil cross-filed, and the actions were consolidated for trial. The jury found for the plaintiff and against the defendant in his cross-action. A judgment n.o.v. was granted for the defendant in the plaintiff's suit and this appeal followed.

Judgment n.o.v. was entered because the court thought plaintiff was contributorily negligent as a matter of law in proceeding across the intersection in the face of the defendant's oncoming machine. The court said in its opinion: "The plaintiff saw defendant's car only one hundred feet away, moving, according to his volunteered estimate, at seventy miles per hour. Notwithstanding that he said he was travelling only about five miles per hour and could have stopped within eighteen inches, plaintiff accelerated and continued across in the face of this danger without looking again and the collision resulted. . . ."

The only question before us is whether the court below was correct in concluding that the plaintiff was contributorily negligent as a matter of law.

Certainly the rate of speed at which the defendant was moving is material to the issue of plaintiff's negligence in continuing to cross the Highway. However, the lower court at trial had refused to admit plaintiff's testimony that the defendant was driving at 70 miles an hour. The only evidence in the record, therefore, of the speed of the defendant as he approached the intersection was the defendant's own testimony that he was going 45 miles an hour. This evidence the lower court ignored.

The court may not base a judgment n.o.v. upon offers of testimony or volunteer evidence which have

been excluded. *Kotlikoff v. Master,* 345 Pa. 258, 265, 27 A. 2d 35 (1942). Further, since the verdict is in the plaintiff's favor, the evidence in the record most favorable to the plaintiff, even though disputed, should have been relied upon by the court. *Borits v. Tarapchak,* 338 Pa. 289, 290, 12 A. 2d 910 (1940). Of course, this does not mean only the evidence adduced by plaintiff. The plaintiff also is entitled to the benefit of favorable testimony produced in the defendant's presentation.

The court below disregarded both of these principles. Its judgment against the plaintiff was not based upon the testimony most favorable to plaintiff. Moreover, the judgment n.o.v. was based upon plaintiff's remarks, excluded from the record, that defendant was traveling at seventy miles per hour. Had these principles been applied correctly to the circumstances of the instant case the court could not have found that the plaintiff was contributorily negligent as a matter of law. For these reasons the lower court erred in granting judgment n.o.v. However, the court below in granting the judgment n.o.v. dismissed defendant's motion for a new trial as being moot. The motion will be reinstated, and the case remanded for consideration of the contentions therein raised. The court is instructed either to enter judgment on the verdict or grant a new trial, as justice requires. *Ralston v. Philadelphia Rapid Transit Co. (No. 2),* 267 Pa. 278, 285, 110 A. 336 (1920) ; *Sloan v. Philadelphia & R. Ry. Co.,* 235 Pa. 155, 159-160, 83 A. 604 (1912).

The judgment is reversed and the record is remanded for further proceedings not inconsistent with this opinion.