## Victor v. Barzaleski

Before Aponick, P. J., Flannery, Lewis, Pinola and Brominski, JJ.

*Theodore L. Krohn,* for plaintiffs.

*Joseph J. Savitz,* for defendant.

FLANNERY, J., June 10, 1959.—This matter is before the court on defendant's motion for judgment n. o. v.

On January 15, 1958, plaintiffs filed their complaint claiming damages because of defendant's alleged

breach of warranties in connection with the installation of a stoker hot-water heating system in plaintiffs' house. Defendant denied the allegations in his answer.

On June 19, 1958, the matter was heard before a board of arbitrators and a verdict was rendered for defendant. Plaintiffs appealed and sought permission to amend their claim for damages from $500 to $1,430. This was allowed. See Victor v. Barzaleski, 48 Luz. 303.

At the trial defendant's motions for a compulsory nonsuit and for binding instructions were denied.

The jury rendered a verdict for plaintiffs in the sum of $219.30. Thereafter defendant filed his motion for judgment n. o. v., which is now before us for disposition.

In considering a motion for judgment non obstante veredicto it is hornbook law that the testimony and all reasonable inferences therefrom must be considered in the light most favorable to the verdict winners: Shaffer v. Baylor's Lake Association, Inc., 392 Pa. 493; Farmers' Northern Market Company v. Gallagher, 392 Pa. 221; Henderson v. Zubik, 390 Pa. 521; Bream v. Berger, 388 Pa. 433. And this must be done even where the evidence is disputed by resolving all conflicts in their favor: Pro v. Pennsylvania Railroad Company, 390 Pa. 437; Martin v. Meil, 388 Pa. 109.

Thus, considering the evidence in the light most favorable to plaintiffs, the jury could have found that the following facts had been established:

The dispute between the parties arose when, in November 1954, plaintiffs and defendant entered into an oral agreement whereby defendant agreed to purchase a Keystone stoker boiler unit for plaintiffs and to install it as part of a heating system in a four-apartment house owned by plaintiffs situate at 117 Nottingham Street, Plymouth, Luzerne County, for a consideration of approximately $1,400. The principal

task undertaken was to convert the system from steam to hot water heat, adapting the appurtenances already in place. Plaintiffs made known to defendant that they were relying on the latter's skill and judgment to furnish and install a Keystone unit that would be suitable to the building. However, it was understood between the parties that defendant would not "guarantee" the unit.

After the installation of the heating system, plaintiffs' home was not being supplied with sufficient heat. Defendant was notified and attempted unsuccessfully to correct the difficulty. Plaintiffs then engaged the services of another plumbing contractor, who discovered that the boiler installed by defendant was too small for plaintiffs' home and thereafter installed a larger one and did other work needed to insure the proper functioning of the heating system. The additional cost to plaintiffs less the amount allowed on the boiler installed by defendant was $2,232.50.

The record also shows that defendant was a general handyman and did on occasions install heating systems but was not a dealer in them. He merely purchased the units from others and then did the installation work himself. Moreover, plaintiffs had had no previous knowledge of or dealings with defendant as a plumber, only as a parttime plasterer.

On these facts plaintiffs have maintained throughout these proceedings that the jury could properly find that defendant in the installation of the heating system breached the implied warranties of merchantability and of fitness for the purpose as set forth in the Uniform Commercial Code of April 6, 1953, P. L. 3, secs. 2-314 and 2-315, 12A PS §§2-314, 2-315.

On the other hand, defendant bases his motion for judgment n. o. v. principally on the grounds that no implied warranties could have existed: (1) Where defendant was not a "seller" within the meaning of the code; (2) where defendant did not enter into a

"sales contract" within the purview of the code; and (3) where defendant excluded by his agreement with plaintiffs any implied warranties that might have arisen.

It is our opinion that defendant's motion must be granted for the first two reasons assigned.

Section 2-314 of the Uniform Commercial Code pertaining to the implied warranty of merchantability provides:

"(1) Unless excluded or modified (Section 2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the *seller is a merchant* with respect to goods of that kind . . .": 12A PS §2-314. (Italics supplied.)

And section 2-315 of the code pertaining to the implied warranty of fitness for purpose states:

"Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose": 12A PS §2-315.

Both these provisions depend for their applicability upon the existence of a "contract for sale" made by a "seller." But in the contract before us defendant agreed only to furnish and install a heating unit for plaintiffs, the sale of the required goods was to be made to plaintiffs by another and as to this incidental phase of the transaction, defendant was acting merely as an intermediary. Such an agreement did not create between plaintiffs and defendant the relation of buyer and seller so as to bring it within the above cited provisions of the Uniform Commercial Code of April 6, 1953, P. L. 3, secs. 2-103 and 2-106, 12A PS §§2-103, 2-106, and see York Heating and Ventilating Company v. Flannery, 87 Pa. Superior Ct. 19. Accordingly,

we must conclude that the implied warranties upon which plaintiffs base their claim did not arise.

In view of the foregoing it becomes unnecessary to decide whether an implied warranty was excluded by the contract in question: Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 2-316, 12A PS §2-316.

For the reasons stated defendant must prevail.

Wherefore, the motion for judgment n. o. v. is sustained and it is directed that judgment be entered for defendant.