RAFAEL QUIÑONES BULERÍN, peticionario y apelante, *v.* SIXTO M. SALDAÑA, Jefe del Presidio Insular, demandado y apelado.

Núm. 8601.—*Sometido:* Noviembre 3, 1942. *Resuelto:* Noviembre 20, 1942.

*Rafael Quiñones Bulerín,* por su propio derecho; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Esta es una apelación contra sentencia de la Corte de Distrito de San Juán declarando sin lugar cierta petición de hábeas corpus. La petición fué presentada originalmente en esta Corte Suprema, expidiéndose el auto retornable ante la Corte de Distrito de San Juan.

La vista en la corte sentenciadora se llevó a efecto el diecisiete de abril último. El jefe del presidio insular que tenía bajo su custodia al peticionario lo condujo a la presencia de su juez y le presentó el diligenciado del auto por escrito. Declaró bajo juramento el peticionario y el fiscal introdujo en evidencia copia de las minutas de la corte del 23 de mayo de 1941, relativas al juicio de la causa por robo seguida contra el peticionario en la que se dictó la sentencia en cumplimiento de la cual lo retiene bajo su custodia el demandado.

La vista de la apelación se celebró el tres de noviembre actual con la sola asistencia del fiscal que impugnó el recurso. El peticionario no compareció pero presentó un largo y confuso escrito en apoyo de sus pretensiones.

Descartando aquellas cuestiones que no cabe considerar en un procedimiento de hábeas corpus o que son claramente

frívolas, resta sólo examinar la de si el peticionario tuvo o no la debida asistencia de abogado.

■ En el acto de la vista del hábeas corpus en la corte de distrito el peticionario declaró que fué acusado de robo conjuntamente con Luis Silva Vega y que no se le llamó para la lectura de la acusación. A Silva sí. A él se le llamó únicamente para juicio. Admite que estuvo representado en esa ocasión por el abogado Cruzado Silva y explica en sus propias palabras lo ocurrido, así:

"Cuando yo vine aquí a la corte entonces vino Cruzado Silva y me preguntó si yo era Paíto, yo le dije que sí, y entonces me dijo que la hermana mía lo había mandado para que me defendiera a mí. Yo le expliqué el caso y entonces yo le dije que pidiera que se suspendiera el caso porque yo no me había entrevistado con él ni nada, y entonces él me dijo que iba a solicitar eso, y solicitó de la corte que suspendiera el caso y la corte no le suspendió el caso. . . . . Tenía tres testigos también para declarar a favor mío, para presentar una coartada. . . . Yo le dije al abogado que los consiguiera, y entonces en vista de que no dieron el debido tiempo, él entró en juicio."

Su declaración fué la única evidencia aportada por el peticionario. Las minutas de la corte introducidas por el fiscal hacen constar los hechos en la forma que sigue:

"En corte presidida por el Hon. Juez Marcelino Romany, actuando de taquígrafo el Sr. Eduardo Ugarte, fué llamado este caso para juicio y comparecieron el acusado Luis Silva Vega, asistido del Lcdo. Saldaña, y el acusado Rafael Quiñones (a) Paíto, asistido del Lcdo. Cruzado. El acusado Luis Silva Vega por su abogado Sr. Saldaña solicitó juicio por separado, a lo cual se allanó el fiscal y la corte así lo decretó. En este acto el abogado del acusado, Sr. Saldaña, solicitó la suspensión de la vista del caso por el fundamento de haberse hecho cargo de la defensa en el día de ayer por haberse enfermado el Lcdo. Mieres Calimano, abogado que fué nombrado de oficio, y la corte con el allanamiento del fiscal suspende la vista del caso para el acusado Luis Silva Vega.

"El acusado Rafael Quiñones (a) Paíto fué llamado para la lectura de la acusación que no se había hecho por estar prófugo. La corte le hizo la advertencia de ley en cuanto a su verdadero nombre

y manifestó llamarse como queda dicho y ser ciudadano de los Estados Unidos de América. El acusado compareció asistido del Lcdo. Cruzado Silva y luego de leídale la acusación y preguntádole por la corte qué alegación, solicitó cinco días para contestar la acusación, pero inmediatamente reconsideró su petición e hizo la alegación de inocente y solicitó juicio por jurado y expresó su deseo de entrar hoy a juicio por estar preparado para ello.

"  *       *       *       *       *       *       *

"Terminada la prueba de ambas partes ý después de las argumentaciones de la defensa, sin haberse argumentado por el fiscal, la corte instruyó ampliamente al jurado y nombrando presidente de dicho organismo al Sr. Nicolás Iturregui, les entregó el caso para su deliberación y resolución. El jurado bajo la custodia del márshal se retiró a deliberar a las doce y diez minutos del día y a las doce y veinticinco minutos del día comparece nuevamente el jurado en sala de justicia y por conducto de su presidente, el Sr. Nicolás Iturregui, rindió el siguiente veredicto: 'Nosotros los señores del jurado declaramos al acusado Rafael Quiñones (a) Paíto culpable del delito de robo. (Firmado) Nicolás Iturregui, Presidente del Jurado.'

"La corte preguntó a todos y a cada uno de los jurados si éste era su veredicto y todos contestaron afirmativamente y visto el veredicto del jurado la corte declara a Rafael Quiñones (a) Paíto culpable del delito de robo y señala el día 26 de mayo de 1941 para el pronunciamiento de la sentencia."

La corte dió crédito a las minutas y consideró con razón a nuestro juicio que la alegación de falta de abogado no quedó comprobada. Manifestó: "Según aparece de la minuta de la corte el abogado del acusado dijo que estaba listo para juicio."

Y siendo ello así, no tiene base legal la queja del acusado apelante. Su familia le proporcionó un abogado. Lo aceptó y bajo su dirección entró a juicio, siendo por él defendido en la celebración del mismo.

██ Insiste el apelante en que siempre tendría razón porque es lo cierto que cuando se dictó la sentencia no contó con el auxilio de abogado. Esta cuestión fué resuelta también correctamente a nuestro juicio por el juez sentenciador en su contra.

Es cuando el acusado comparece a responder de la acusación sin abogado que el artículo 141 del Código de Enjuiciamiento Criminal impone a la corte el deber de "hacerle presente su derecho a tener abogado defensor antes de leerse el acta de acusación y preguntarle si desea la asistencia de letrado."

La corte no tuvo necesidad de cumplir con ese deber en este caso porque el acusado compareció asistido del abogado que lo defendió en el juicio. Cuando volvió a comparecer para recibir su sentencia, entonces sin abogado, la ley no imponía a la corte la obligación de repetir la advertencia del artículo 141. Las advertencias de ley, con las cuales cumplió, en esa nueva situación, están prescritas en el propio Código de Enjuiciamiento Criminal, artículos 318 y 319, como sigue:

"Cuando el acusado comparezca para oír la sentencia, debe ser informado por el tribunal o, bajo la dirección de éste, por el secretario, de la naturaleza del cargo que se le hace, así como de las alegaciones de su defensa y del veredicto, si hubiere recaído alguno, y debe preguntársele si tiene alguna causa legal para demostrar que no procede dictar sentencia contra él.

"Si no se alega, o no halla el tribunal causa suficiente para que no sea dictada la sentencia, debe ésta pronunciarse sin demora."

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*