VICENTE RUIZ SOTO, peticionario, *v.* FÉLIX R. RIVERA, JEFE DEL PRESIDIO INSULAR, recurrido.

Núm. 460.—*Sometido:* Junio 5, 1950. *Resuelto:* Junio 9, 1950.

*R. V. Pérez Marchand, Ángel Cruz Cruz y Santos P. Amadeo,* abogados del peticionario; *Hon. Procurador General Vicente Géigel Polanco y J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Vicente Ruiz Soto fué acusado ante el Tribunal del Distrito de San Juan del delito de asesinato en primer grado. Celebrado el juicio, el jurado que entendió en el mismo rindió veredicto de asesinato en segundo grado, sentenciándole dicho Tribunal a sufrir la pena de diez a treinta años de presidio, con trabajos forzados.

Alega en la petición radicada en este recurso que estuvo asistido de abogado hasta el momento en que el jurado rindió veredicto de culpabilidad, pero no así en el momento en que el tribunal dictó sentencia en su contra, no advirtiéndosele, además, de su derecho a asistencia de abogado en esa etapa del procedimiento, ni habiendo renunciado él, expresa o implícitamente, tal derecho. Solicita la expedición de un auto de hábeas corpus y, en su consecuencia, que se anule la sentencia dictada. Librado el auto interesado y señalada fecha

para la vista del recurso, el fiscal de este Tribunal se allana a lo solicitado. La cuestión, pues, a ser determinada por nosotros es si el peticionario debió estar asistido por letrado en el momento en que se le dictó sentencia y si al no estarlo la sentencia dictada en su contra debe ser anulada.

■■ La cuestión así planteada fué resuelta por este Tribunal en *Quiñones* v. *Saldaña*, 61 D.P.R. 79. En él dijimos a la página 83 que:

"Es cuando el acusado comparece a responder de la acusación sin abogado que el artículo 141 del Código de Enjuiciamiento Criminal impone a la corte el deber de 'hacerle presente su derecho a tener abogado defensor antes de leerse el acta de acusación y preguntarle si desea la asistencia de letrado.'

"La corte no tuvo necesidad de cumplir con ese deber en este caso porque el acusado compareció asistido del abogado que lo defendió en el juicio. Cuando volvió a comparecer para recibir su sentencia, entonces sin abogado, la ley no imponía a la corte la obligación de repetir la advertencia del artículo 141. ..."

Tanto el peticionario como el fiscal de este Tribunal, sin embargo, nos piden que revoquemos ese caso por haberse resuelto lo contrario por el Tribunal Supremo de Estados Unidos, y por varias cortes de apelaciones de circuito con posterioridad a la fecha en que se decidió el mismo por nosotros en noviembre 20 de 1942. Veamos:

En *Carter* v. *Illinois*, 329 U.S. 173, 174, 91 L. Ed. 172, 174 (1946), la Corte Suprema federal resolvió que la necesidad de estar asistido de letrado puede existir en toda etapa del procedimiento, desde la lectura de la acusación hasta el momento mismo en que se dicta sentencia, expresando además en su opinión que "esto no significa, sin embargo, que el acusado no pueda defenderse a sí mismo; ni impide que él admita su culpabilidad al ser plenamente informado de todas las consecuencias que tal admisión conlleva y sea capaz de entender tales consecuencias."

En *Willis* v. *Hunter*, 166 F.2d 721 (1948), la Corte de Apelaciones para el Décimo Circuito resolvió lo siguiente:

"Al considerar la cuestión de si a un peticionario se le ha otorgado su derecho constitucional de estar debidamente representado por letrado en todas las etapas de los procedimientos que se siguen en su contra, nunca hemos creído necesario decidir precisamente si la ausencia de letrado al momento de dictarse sentencia equivale de por sí a una negación de esa garantía constitucional. Hemos dicho, sin embargo, que 'un acusado debe tener la oportunidad de ser oído a través de letrado al dictársele sentencia y que una corte no debe imponerle sentencia en ausencia de éste sin antes determinar de manera expresa que el acusado no desea la presencia de letrado. . . .' Esto se debe a que 'muchos son los motivos que entran en juego al fijar la duración de la sentencia a ser impuesta, y un acusado debe tener la oportunidad de que su abogado presente a la corte cualesquiera circunstancias atenuantes, para que ésta las tome en consideración al determinar la sentencia a ser impuesta,' "

citando el caso de *Batson* v. *United States*, 137 F.2d 288, 289 (10° Cir., 1943).

Véanse también *Viscuso* v. *Hunter*, 174 F.2d 654 (10° Cir., 1949); *Wilfong* v. *Johnston*, 156 F.2d 507 (9no. Cir., 1946); *Thomas* v. *Hunter*, 153 F.2d 834 (10° Cir., 1946).

La doctrina establecida por los casos anteriores al efecto de que el acusado debe estar representado por letrado también al momento de dictársele sentencia, ya que necesita la mano orientadora de éste (*guiding hand*) en todas las etapas del procedimiento,[1] nos parece en verdad más sabia y más justa que la establecida por este Tribunal en *Quiñones* v. *Saldaña*, supra.

El artículo 318 del Código de Enjuiciamiento Criminal, dispone, por ejemplo, que "Cuando el acusado comparezca para oír la sentencia, debe ser informado por el tribunal o, bajo la dirección de éste, por el secretario, de la naturaleza del cargo que se le hace, así como de las alegaciones de su defensa y del veredicto, si hubiere recaído alguno, *y debe preguntársele si tiene alguna causa legal para demostrar que no procede dictar sentencia contra él.*" (Bastardillas nues-

---

[1] Véase *Powell* v. *Alabama*, 287 U.S. 45, 69, 77 L. Ed. 158, 84 A.L.R. 527.

tras.) Siendo de ordinario el acusado un lego en materia legal ¿cómo puede él saber si existe alguna causa de tal naturaleza para demostrar que no procede dictarse sentencia en su contra? Esa causa legal puede ser una o pueden ser muchas, pero siendo él un lego en la materia difícilmente le son conocidas. Tal vez tenga derecho a solicitar con éxito la celebración de un nuevo juicio; quizá pueda presentar una moción para que no se dicte sentencia en su contra (*motion in arrest of judgment*) ; al tratarse de más de una sentencia, quizá pueda pedir que las mismas se cumplan concurrentemente; o solicitar se le conceda el beneficio de una sentencia probatoria; u ofrecer circunstancias atenuantes para la mitigación de la pena; o que se le imponga cárcel o multa, en vez de presidio; o hacer cualquier otra petición que a su juicio proceda.

Dados los anteriores razonamientos, el caso de *Quiñones* v. *Saldaña,* supra, queda expresamente revocado, en tanto en cuanto en el mismo se resuelve que no es necesario que un acusado esté asistido de letrado al momento de dictársele sentencia.

*Se dictará sentencia dejando sin efecto la dictada contra el peticionario en 10 de enero de 1949 y ordenando al Tribunal del Distrito de San Juan que proceda a dictar nueva sentencia contra el peticionario, de conformidad con los términos de esta opinión.*

El Juez Asociado Sr. Snyder no intervino.