## Commonwealth v. Polens, Appellant.

Argued June 9, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Samuel J. Goldstein,* with him *A. Lincoln Cohen,* for appellant.

*Lemuel B. Schofield,* Assistant District Attorney, with him *L. C. Eddy,* District Attorney, for appellee.

OPINION BY MR. JUSTICE MAXEY, October 8, 1937:

The appellant, John G. Polens, was indicted for the murder of Metro Seminuk. The facts of this homicide are set forth in the opinion which was filed in the case of *Commonwealth v. Senauskas,* 327 Pa. 541, Polens's codefendant, and need not be repeated here. Polens confessed his guilt and his confession is in accord with that of Senauskas on all material matters. At the time of the commission of the murder, Polens was nearly 31 years of age. He was a graduate of an Academy in Pittsburgh. He later took a two-year course in science and a four-year course in business administration. He obtained the degree of Bachelor of Science in Economics in 1927 and attended a law school for two years. He served by appointment as Justice of the Peace in Pittsfield Township, Warren County. His term expired in January, 1936, and he was an unsuccessful candidate for election to that office. He admitted in his confession that he was friendly with Mary Seminuk, wife of the victim named in the indictment. He said: "On many occasions I went on certain trips with her in order to help her conduct her business." He disclosed

no intimacy with her. He admitted that he had animosity toward Seminuk because of his (Polens's) "frustrated attempts at office" and other matters which in his "own imagination" he blamed Seminuk for. He admitted that he had paid money to Senauskas both before and after the homicide, the last payment of money being in the sum of $120, that he knew of Senauskas's intention to kill Seminuk and that he had given Senauskas the revolver with which the shooting was done.

Counsel for Polens presented a petition for the appointment of a psychiatrist to examine the prisoner. The petition was granted. The appointee, Dr. R. H. Israel, Superintendent of Warren County State Hospital, reported that Polens "appeared to be above the average in intellectual ability, fully aware of the nature of his acts and the consequences thereof, and there is no reason to believe that he has reacted as the result of hallucinations or insane motives."

When appellant was called for trial and arraigned, he pleaded guilty. The case was continued until June 12, 1936, for the purpose of taking testimony to fix the degree of guilt and the punishment. At the hearing on June 12th, Polens's confession was not repudiated by him nor attacked in any way.

In his argument in this case appellant's counsel stresses the assignments of error which are practically identical with the second, third, sixth and seventh assignments of error in the Senauskas case. What we have said in discussing those four assignments in our opinion in that case, may be treated as a part of the opinion in this case, and no further discussion of them is required.

Appellant's counsel also stresses an assignment of error based upon the fact that when Polens was sentenced his counsel was not present. On the date fixed for sentencing Polens, his counsel telegraphed the court that he was unable to be present. The court, however, did not defer sentence. While the practice of sentencing

a defendant in the absence of his counsel is most unusual and is hereby condemned, we do not hold that counsel's absence in this case constitutes reversible error, no harm to defendant having resulted therefrom. Counsel was present when the hearing was had to elicit facts for the determination of the degree of defendant's guilt and the appropriate penalty.

The record in this case proves beyond all reasonable doubt that the appellant was guilty of murder in the first degree and that a just penalty was imposed. Senauskas was the "trigger man"; he was the "hand and tool" of the homicide, but Polens was the brain by which the "hand and tool" was guided and directed. In view of appellant's plea of guilty, made without any inducement or promise, no further duty confronted the court except to determine the degree of guilt and to fix the penalty. When a defendant pleads guilty to a charge of murder, he submits his fate to the court to which his plea is addressed. He is then entitled to have the court proceed in the prescribed form and with proper regard to the rules of law and evidence to elicit facts for the scales of justice in which his guilt is weighed. In the performance of its duty in this respect, the court did not substantially depart from the bounds of "due process." The competent evidence received at the hearing amply sustained the court's finding and warranted the penalty imposed.

None of the assignments of error in this case require discussion except those we have referred to and these have been discussed in the opinion this day filed in the Senauskas case and which discussion is by express reference incorporated in this opinion.

All the assignments of error are overruled.

The judgment of the court below is affirmed and the record is remitted so that sentence may be carried out.