Commonwealth ex rel. Piccerelli, Appellant, *v.* Smith, Warden.

Argued April 13, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, HIRT and KENWORTHEY, JJ.

*Charles R. Norberg* and *Francis Fisher Kane*, with them *Benjamin Glazer,* for appellant.

*Franklin E. Barr,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY KENWORTHEY, J., July 23, 1942:

Without benefit of counsel, Piccerelli and Bacari, on July 18, 1933, were tried before Judge McDEVITT and found guilty as charged in three indictments:

No. 506, July Sessions, 1933, felonious assault and robbery from the person of Helen Figgs;

No. 507, July Sessions, 1933, felonious assault and robbery from the person of John Moore;

No. 509, July Sessions, 1933, carrying concealed deadly weapons.[1]

They were sentenced on No. 506 and No. 507 to five to fifteen years, sentences to run consecutively so that the total sentence was ten to thirty years. No sentence was imposed on No. 509.

According to the Commonwealth's evidence, defendants had entered an apartment house in daylight on June 2, 1933, bound, gagged and taped with rope and adhesive tape Mrs. Figgs, a woman caretaker, and, after leaving her in a bathroom, had gone to the office of Moore, the manager, where at the point of guns they bound and gagged him, ransacked the office and stole $25 in cash, some jewelry and other valuable articles of personal property.

Both defendants denied any connection with the crime. They said they "were not there."

After the testimony had about concluded, the court turned to Piccerelli, who was then on the witness stand, and asked, "Is that all you have to say?" He replied: "Well, I would like to have somebody here to defend me." He was then asked whether he had a lawyer and

---

[1] They were separately indicted for the offense of carrying a concealed deadly weapon, Piccerelli to 509, July Sessions, 1933, Bacari to 508, July Sessions, 1933.

replied that he had not, the only lawyer he knew was "the one that defended me before and that is Stevenson."

On November 24, 1941, Piccerelli filed a petition for a writ of habeas corpus. He averred he had "requested the Trial Judge for counsel to defend him in the trial of said case, but said request was not granted," in violation of Article I, Sec. 9, of the Constitution of Pennsylvania and of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

After hearing, at which the indictments and notes of testimony were introduced and at which Piccerelli gave brief testimonial evidence, Judge SMITH refused to discharge him but granted him a new trial. He appealed on the ground he should have been discharged.

In our opinion, it is now settled by *Com. ex rel. McGlinn v. Smith,* 344 Pa. 41, 24 A. (2d) 1, that our courts are not bound, either under our own or the federal constitution, to supply counsel to an accused except in a murder case. Mr. Justice MAXEY, speaking for the court, there said at p. 49: "What the right of an accused 'to be heard by counsel' means as this court has long understood and declared it is well expressed by the concurring opinion of Circuit Judge SIBLEY in *Saylor v. Sanford, Warden,* 99 F. 2d 605, 607 (5 C. C. A.), as follows: 'The Constitution in saying that "the accused shall enjoy the right ...... to have the Assistance of Counsel for his defence" means that if he provides himself counsel the court shall allow the counsel to assist and represent the accused ...... It has never been understood that the federal courts were bound by the Constitution to furnish accused persons with counsel. A lawyer at the request of the court will represent a person unable to employ counsel, but I doubt that he ought or that the court could compel him to represent one able to employ counsel but unwilling. There are proposals pending before Congress to pro-

vide for a public defender, and for paying lawyers to defend indigent persons in some cases. All these arrangements for the defense of poor persons are acts of mercy, perhaps justice, but they are not required by the constitutional provision and have never been supposed to be.' "

There is thus no *constitutional* right to be supplied with counsel *whether or not it is requested.*[2]

But our inquiry is not ended merely because we conclude there is no constitutional right. As President Judge KELLER pointed out in *Com. ex rel. Schultz v. Smith,* 139 Pa. Superior Ct. 357, 367, 11 A. (2d) 656, "...... under the liberal and humane construction given by our Supreme Court to our Habeas Corpus Act (February 18, 1785, 2 Sm. L. 275), and the practice which has been established concerning it, there are certain basic and fundamental errors which may be corrected on habeas corpus ......" even though a constitutional right is not violated. Although "the right of an accused to be *supplied with counsel when none is asked for* was never until recent years asserted in this Commonwealth" (*Com. ex rel. McGlinn v. Smith,* supra at p. 48), it has always been the practice, irrespective of whether the Constitution *requires* it, to appoint counsel *where it is requested at a proper time.* See *Com. ex rel. Shaw v. Smith,* 147 Pa. Superior Ct. 423, 427, 24 A. (2d) 724. The practice was recognized by Mr. Justice MAXEY in the McGlinn Case when he said, p. 44; "That with his experience in criminal courts he must have known that he could have had counsel assigned to him upon request seems clear." A similar statement appears on p. 59, "With his penitentiary 'background' and his 'experience' in the criminal courts he must have known that professional assistance would have been given him upon request ......" We believe

---

[2] See the recent opinion by Mr. Justice ROBERTS in *Betts v. Brady,* 315 U. S. 791, 61 S. Ct. 1252 (June 1, 1942).

this universal practice has matured into a right the denial of which is such "basic and fundamental error" as to amount to a denial of "substantial justice." [3] See *Com. ex rel. McGlinn v. Smith,* supra at p. 59.

But the order must be affirmed.

The crimes of which appellant was convicted were committed on June 2, 1933. At that time he was on parole from a sentence, for a similar crime, of from three and a half to ten years, and he "owed six and a half years' back-time." At the time he filed his petition he had served not more than two and a half years of the 1933 sentence. He had not, therefore, as in *Com. ex rel. Schultz v. Smith,* supra at p. 369, served "a very substantial part of the sentence." And, as we pointed out in that case, our courts, unlike the federal courts, are not bound, even where basic and fundamental error has been committed, to discharge the prisoner but he may be remanded for a new trial. The matter is within the sound discretion of the court hearing the petition.

In our view, the right to have counsel appointed on request must be exercised at a proper time. Judge SMITH concluded that the request should have been granted, even though it was not made until the trial was practically completed. The Commonwealth challenges this and has asked us to revoke that part of the order granting the new trial. Since the Commonwealth has not appealed, we are not in position to pass upon the contention. (*Dunsmore v. Franklin Fire Insurance Co.,* 299 Pa. 86, 90, 149 A. 163; *Bowser v. Citizens' Light, Heat & Power Co.,* 267 Pa. 483, 489, 110 A. 372) although there is some merit in it. We have no doubt that Judge McDEVITT would have appointed counsel if appellant had requested it at any time before the trial commenced. The request came at a time when compliance would have meant a continuance and re-trial.

---

[3] See Mr. Justice BLACK's dissent in *Betts v. Brady,* supra note 2, at p. 1262.

110

We are inclined to agree with the Supreme Court of California which, in a similar case (*In the Matter of Frank S. Connor*, 16 Cal. (2d) 701, 709, 108 P. (2d) 10, cert. denied, *Connor v. California et al.*, 313 U. S. 542), said: " . . . . . . petitioner had had ample opportunity to secure counsel and, having failed to do so, should not be permitted to take advantage of that fact during the course of the trial to interrupt the proceedings and secure a continuance to which he would not otherwise be entitled."

The order is affirmed.