### BATSON v. UNITED STATES.

### No. 2718.

Circuit Court of Appeals, Tenth Circuit.

Aug. 7, 1943.

See, also, 129 F.2d 463.

Appellant pro se.

Cleon A. Summers, U. S. Atty., of Muskogee, Okl., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Clarence L. Batson, was found guilty by a jury in the District Court of the United States for the Eastern District of Oklahoma, on each of two counts of an indictment charging him with violations of the Dyer Act.[1] On June 22, 1940, sentence was imposed on each of the two counts. The judgment and commitment recited that "On this 22nd day of June, 1940, came the United States Attorney, and the defendant, Clarence L. Batson, appearing in proper person, and being represented by counsel appointed by the court, and * * *."

After his commitment to the penitentiary, he filed a motion in the original case praying that the judgment and commitment be amended by striking therefrom the words "and being represented by counsel appointed by the court," and substituting the words "without counsel." In short, he seeks to correct the judgment to make it show that counsel was not present to rep-

[1] 18 U.S.C.A. § 408.

resent him at the time he was sentenced. He has appealed from an order of the court denying the prayer of his motion.

The court, in its order, found that upon the request of appellant, counsel was appointed to represent him in the trial, that a vigorous defense and plea before the jury was made for him by his counsel, that appellant's counsel was not present at the time he was sentenced, that the court asked him if he had anything to say why sentence should not be pronounced on him, and that he replied he had nothing further to say. From this, the court concluded that he waived any right he had to have his counsel present at the time of sentence.

 It is admitted that appellant's counsel was not present, and the record is therefore incorrect in reciting his presence at the time of the sentence. The record should speak the truth, and as long as the matter was before the court the correction should have been made. We will not, however, reverse the judgment unless the error of the court in refusing to correct the record prejudicially affected substantial rights of the appellant. 28 U.S.C.A. § 391; Lewis v. United States, 9 Cir., 38 F.2d 406.

There is a sharp conflict in the authorities on the question whether the presence of counsel for a defendant at the time of the sentence is necessary to the validity of the proceedings unless his presence is waived by the accused.[2]

█ It is our conclusion that the decision of the case does not turn upon whether appellant was entitled as a matter of right to have his counsel present at the time he was called before the court for sentence. We therefore do not decide the question, but we do pause to say that we do not approve the practice of sentencing defendants in the absence of counsel. We believe that an accused should have the opportunity to be heard by counsel on the sentence to be imposed, and that a court should not impose sentence in the absence of counsel without expressly ascertaining that a defendant does not desire his presence. Many considerations influence the length of a sentence which is to be imposed, and a defendant should have the opportunity to have his attorney present any mitigating circumstances to the court for its consideration in determining the weight of the sentence.

█ Before the court sentenced appellant, it asked him if he had anything to say why sentence should not be pronounced. He replied that he had nothing further to say. His request for counsel to represent him at the trial clearly shows that he knew his rights in this matter, and there is no reason to believe that he forgot them when he was asked whether he had anything to say why sentence should not be pronounced upon him. Had he desired the presence of his counsel, it would have been an easy matter to so inform the court. He was

---

[2] 24 C.J.S., Criminal Law, § 1574: "While the practice of sentencing accused in the absence of his counsel has been condemned, it has been held that where the statute does not so require, and where the sentence is not considered part of the trial, it is not necessary that counsel for accused be present when sentence is pronounced, and that the fact that such counsel was not present when sentence was pronounced, notice of the time having been given to him, in the absence of a showing that accused was prejudiced thereby, is not ground for objection."

Commonwealth v. Polens, 327 Pa. 554, 194 A. 652, held that no prejudice resulted where accused was sentenced in the absence of counsel and that where no prejudice is shown to have resulted from such absence, the error, if any, is not reversible.

State v. Hughes, 170 La. 1063, 129 So. 637, held that a sentence is no part of the trial under the Louisiana statute, and it was not error to pronounce sentence in the absence of defendant's counsel.

Miller v. State, Tex.Cr.App., 44 S.W. 162, held that it was not error to sentence the defendant in the absence of his attorney where his counsel knew of the proceedings and refused or failed to attend, in view of the fact that no prejudice was shown to have resulted from his absence.

Kent v. Sanford, 5 Cir., 121 F.2d 216, held that an accused is deprived of no rights when he is sentenced in the absence of counsel where he has been properly represented by counsel up to the time when the case was submitted to the jury. This decision was by a divided court.

Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527, held that a person accused of crime is entitled to the assistance of counsel at every step in the proceedings against him.

Coates v. Lawrence, D.C., 46 F.Supp. 414, 416, held that a defendant is entitled to counsel at the time of sentence, the sentence being part of the trial.

vigorously defended throughout the trial. There is nothing to indicate that his counsel had refused to further represent him or that the relation between them was other than pleasant. The absence of his counsel at the time of sentence in no wise prevented him from filing a motion in arrest of judgment or for a new trial. From all the record, we conclude that the appellant did not desire the presence of his counsel at the time of sentence, and waived any right he might have had to have him present.

Affirmed.