## UNITED STATES v. LOWE.

### No. 186, Docket 21245.

United States Court of Appeals Second Circuit.

March 7, 1949.

Richard Anderson Lowe, pro se.

John F. X. McGohey, U. S. Atty., of New York City (Roy M. Cohn, Clarke S. Ryan and Bruno Schachner, Asst. U. S. Attys., all of New York City, of counsel), for United States.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The appellant Lowe was placed on probation for a period of five years by Judge Ben Moore on December 14, 1945, after a verdict of guilty returned by a jury on October 10, 1945 on a four count indictment charging him with impersonating an officer of the United States and thereby obtaining money. On March 6, 1947 he pleaded guilty to a charge specifying nine violations of the probation order before Judge Clancy, who sentenced him to a term of two years on count one, two years on count two, to run consecutively with the sentence on count one, and two years on counts three and four, with the sentence on these counts to run concurrently with the sentence on count two. An appeal from Judge Clancy's judgment was dismissed by this court as frivolous. 2 Cir., 162 F.2d 709. Certiorari was denied by the Supreme Court, 332 U.S. 777, 68 S.Ct. 41, as was a petition for rehearing, 332 U.S. 812, 68 S.Ct. 103. Thereafter, the defendant moved under 28 U.S.C.A. § 2255 to vacate the judgment and obtain a release from further confinement. This motion was denied by Judge Medina on December 3, 1948, and from his order of denial the present appeal was taken. The petition before Judge Medina, which was unverified, attacked the judgment of sentence by Judge Clancy following a plea of guilty to the charges of violation of probation. The appellant made various charges of improprieties on the part of government officials prior to Judge Clancy's sentence for probation violation, to the general effect that he was illegally detained and was sentenced without a proper hearing. None of the improprieties charged would affect the validity of the sentence for violation of probation. A proceeding to revoke probation need not conform to all the rules of a criminal trial so long as the accused is

afforded a fair hearing. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266. At the hearing before Judge Clancy the defendant was represented by counsel and, as we said on dismissal of his former appeal, has showed [162 F.2d 710] "nothing which throws the least question upon the regularity of the proceedings in the district court."

In his motion papers before Judge Medina, the defendant made what was apparently a new charge, as follows:

"The defendant now submits, specifically, that the Plea of Guilty, entered before the Court, March 6, 1947, was changed from 'Not Guilty' upon advice of counsel, premised entirely upon Counsel's allegation,

" 'That he had consulted with the United States Attorney, and that the Court had been advised of the serious illness of the Defendant's Wife, together with the exact precarious family situation of the defendant, that agreements consistent therewith had been concluded, which would assure to the defendant, retention upon probation, by the Court, and the opportunity to go at once to the bedside of a Critically Ill wife. But for this understanding, no change by the defendant would have been made in the plea of "Not Guilty," which had been entered upon three previous appearances before the Court, one of which was only the day previous, and before the same Presiding Judge.' "

As we have heretofore remarked none of the charges of the defendant were sworn to. Furthermore, in papers which are not part of the record but were forwarded by the defendant for our consideration on this appeal, he appears to state what he really relies on to show collusion between his attorney and the Assistant United States Attorney at the time of the hearing before Judge Clancy. Among these papers he submits what he claims to be a transcript of an extract from the minutes of the hearing before Judge Clancy and argues that they show collusion. In addition to this, the defendant submits copies of affidavits, the originals of which he says he holds, in which any collusion is specifically denied both by his attorney and the Assistant United States Attorney. His own attorney's affidavit stated that defendant's plea of guilty was made in the hope that, because the defendant's wife was ill at the time, the court would be lenient. The extract from the minutes which he has presented shows an entirely regular hearing in which the defendant withdrew his prior plea of not guilty and pleaded guilty to the violation of his probation and that thereupon the court heard defendant's counsel and the Assistant United States Attorney and imposed the sentence. The minutes contain no indication of any understanding as to the sentence to be imposed and at most only indicate that the defendant and his counsel wished to have the hearing accelerated and disposed of forthwith so that his probation might be continued rather than terminated. He doubtless hoped that he might receive a light sentence on a plea of guilty but we find nothing to show a basis for this hope much less any indication of an understanding with the public authorities as a result of which he withdrew his plea. As Judge Swan said in United States v. Norstrand Corporation and Leif Norstrand, 2 Cir., 168 F.2d 481, 482: "The substance of the appellants' grievance is that the sentence imposed disappointed their expectations since they thought that by pleading guilty they would get off with a small fine. But such disappointment of expectations affords no valid ground for granting the relief they sought."

We hold that a charge that a bargain had been made between the defendant's attorney and the Assistant United States Attorney—a charge that was never asserted at the time of the hearing before Judge Clancy nor apparently for over a year thereafter—which was neither verified nor supported in any way by the arguments submitted on this appeal was insufficient to require Judge Medina to grant the defendant's motion. We think the charge was evidently a mere afterthought. Had it any substance, the defendant would have protested at his sentence when it was imposed and then and there have sought to withdraw his plea and to go on trial on the merits.

For the foregoing reasons, the order is affirmed.