**VISCUSO v. HUNTER, Warden, et al.**

No. 3850.

United States Court of Appeals Tenth Circuit.

May 10, 1949.

Rehearing Denied June 10, 1949.

Howard McCue, Topeka, Kan., for appellant.

Eugene W. Davis, Topeka, Kan., (Lester Luther, United States Attorney, Topeka, Kan., was with him on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal by Joseph Viscuso, herein referred to as petitioner, from a judgment dismissing a writ of habeas corpus.

Petitioner was convicted in 1936 in the United States District Court for the District of Wyoming. The crime for which petitioner was convicted was murder in the first degree, committed on a Military reservation. The jury's verdict specified "without capital punishment," and a sentence of life imprisonment, as authorized under applicable Statutes, was imposed. Now confined under that sentence in the Federal Penitentiary at Leavenworth, Kansas, petitioner filed a petition for a writ of habeas corpus in the United States District Court for the District of Kansas. Through habeas corpus, petitioner sought an order in the court below discharging him from further custody based primarily on a claim that he was not represented by counsel at the time he was sentenced and was prevented from filing motions for a new trial, arrest of judgment, and the right of appeal.

Petitioner testified in the hearings before the court below that he was represented throughout the jury trial and when the jury returned its verdict on November 20,

1936, by employed counsel. He stated, however, that his counsel was not present at the time he was sentenced, December 1, 1936. He further stated that he was sent to Leavenworth the day following sentencing, placed in quarantine for 30 days and denied the opportunity thereby to perfect an appeal within the statutory time. At the conclusion of petitioner's testimony, the Government introduced evidence that petitioner's counsel was present at the time of sentence. On the basis of this conflicting evidence, the trial court found that petitioner's counsel was present at the time of sentence, that petitioner had failed to sustain the burden of proof with respect to his contention that he was deprived of counsel at any stage of the proceedings against him, including the time of sentence, and that at no stage in the proceedings was the petitioner denied any of his constitutional rights. Petitioner was accordingly remanded to custody. From the order and judgment of the trial court, petitioner appeals.

At the outset we are met with petitioner's motion to remand the case for further proceedings without final decision. This motion is grounded on the fact that the original record in petitioner's Wyoming trial has become available for the first time. It was not before the lower court in this habeas corpus proceeding and petitioner states that some of the testimony and proceedings at the Wyoming trial, if considered, would cause a reversal of the trial court's decision and that the motion should be granted in order that petitioner might have the benefit of a full and complete hearing.

■ The transcript includes the testimony of certain F. B. I. agents regarding what they learned through questioning Viscuso prior to his original arraignment on the murder charge, and the court's instructions to the jury. Without detailing here either the testimony or the instructions, it suffices to say that nothing irregu-

lar appears in the transcript relative to petitioner's alleged deprivation of rights, and no useful purpose would be served by remanding the case.

■ The judgment and commitment of the Wyoming court is silent as to whether or not petitioner's counsel was in attendance at the time sentence was pronounced. It was therefore proper for the lower court to hear testimony on the matter.[1] Such testimony was conflicting. The witness, Schoel, who was present during the sentencing, testified that petitioner's attorney was there and standing with petitioner at the time sentence was pronounced. Such evidence fully supports the lower court's finding on this matter and makes unnecessary a discussion of the need of counsel's presence at the time of sentence in order to comply with the requirements of due process.[2]

Petitioner urges that he was denied the right to take an appeal from his original conviction. He bases this contention on the fact that his attorney abandoned the case shortly after the jury's verdict, November 20, 1936, that thereafter he was without counsel to advise him on the procedure for appealing the conviction, that he was without counsel at and after his sentencing, and that he was sent to Leavenworth the day following the pronouncement of his sentence, placed in quarantine for 30 days, and thereby prevented from taking a timely appeal.

■ The lower court made no specific finding relative to this question, but did find generally that petitioner's constitutional rights had not been infringed and that he is now in the lawful legal custody and control of respondent. The record supports this finding. There is testimony that counsel for petitioner thoroughly explored the advisability of appeal following the jury's verdict, discussed the matter with another attorney and with petitioner and concluded that an appeal would not be advisable. The finding that petitioner's at-

[1] Thomas v. Hunter, 10 Cir., 153 F.2d 834.

[2] Thomas v. Hunter, supra; Batson v. United States, 10 Cir., 137 F.2d 288; Wilfong v. Johnston, 9 Cir., 156 F.2d 507; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; Coates v. Lawrence, D.C., 46 F.Supp. 414.

torney was with him at the time of sentencing negatives any contention regarding abandonment prior to that time. Petitioner's ignorance of his right to take an appeal is not borne out by his own testimony. He testified as to conversations he had with another attorney during the ten-day period between the verdict and sentencing when the matter of an appeal was discussed. Conceding that petitioner was sent to Leavenworth the day after he was sentenced, the fact that he had the services of competent counsel at the time, and had discussed the matter of appeal prior to sentencing, indicates that the choice was made to forego an appeal. The record does not show that petitioner's appeal was prevented by the action of the court or its officers.

Petitioner, on the basis of McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, and Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, makes certain contentions concerning his detention prior to his being brought before a Commissioner in the Wyoming case. Since there was no confession involved in the case, however, neither the McNabb nor the Upshaw case is in point, and the contention is without merit.

The judgment is affirmed.