Submitted November 17, 1949.
This is an appeal by relator in a habeas corpus proceeding from the order of the Court of Common Pleas of Allegheny County dismissing his petition and refusing a writ of habeas corpus.
It appears the relator was arrested on May 1, 1947, in Crawford County, Pennsylvania, on a charge of burglary; that he entered a plea of nolo contendere; and that he was sentenced by the court to a term of not less than ten years and not more than twenty years in the Western State Penitentiary. The judgment of conviction follows upon such a plea as well as upon a plea of guilty. Com. v. Ferguson, 44 Pa. Super. 626,628.
Relator contends that the indictment was lacking in essential requirements. The bill (No. 11, September *Page 37 
Sessions, 1947, Court of Quarter Sessions of Crawford County) was drawn under the Act of April 15, 1907, P. L. 62, as amended, 19 P. S. § 241. The indictment was endorsed by the President Judge of the Courts of Crawford County as follows:
"Now, May 26, 1947, the defendant in open Court, pleads nollo contendere to the charge preferred in the within indictment, waives presentation thereof to the Grand Jury, and consents to the pronunciation of sentence forthwith.
"Per Curiam
"O. Clare Kent, P.J."
We have held that this endorsement upon such a bill of indictment is valid and a sufficient compliance with the Act of 1907; and that a defendant's signature to the plea upon such bill was not an indispensable prerequisite to the validity of the plea. Com. ex rel. Krannacher v. Ashe, 142 Pa. Super. 162,15 A.2d 855; Com. ex rel. Carey v. Ashe, 165 Pa. Super. 27,67 A.2d 768; Com. ex rel. Gibbs v. Ashe, 165 Pa. Super. 35,67 A.2d 773.
Relator further contends that he is entitled to immediate discharge because, at the time of sentence, as averred in his petition, he "informed the court that he was not entering any plea, of any kind, until he was represented by counsel, but your petitioner was denied this right and to the right to be represented by counsel." The answer of the District Attorney of Crawford County denied that "George Hice was refused legal counsel at any time during the proceedings against him, for the Honorable O. CLARE KENT, President Judge of the Crawford County Courts, specifically asked the Defendant as to whether or not he desired counsel, at which time, he, the said Defendant, George Hice, replied in the negative, asserting that he was going to represent himself. The records of the Clerk of Courts of Crawford County, *Page 38 
Pennsylvania, show that George Hice was represented by George Magee, Attorney At Law, at the preliminary hearing."
No testimony was taken in the court of common pleas on the issue. The writ was refused on the petition and answers. The long criminal record of relator, to which the court below refers, unquestionably indicates that relator was fully conversant with criminal procedure. His career of crime began in 1925, when he was charged with burglary, and it has extended to the time he was last received by the Western State Penitentiary on May 27, 1947, following the sentence which he now seeks to avoid serving. The record of the numerous crimes which he has committed appears in the answer of the Warden of the Western State Penitentiary.
Although we have no doubt that Judge KENT would have appointed counsel for relator had he requested it, we shall reverse the order of the court below and direct a hearing on the petition and answers, thus affording relator an opportunity to support by competent testimony the allegations of his petition. See Com. ex rel. Piccerelli v. Smith, 150 Pa. Super. 105,109, 27 A.2d 484; Com. ex rel. Hovis v.Ashe, 165 Pa. Super. 30, 32, 67 A.2d 770.
In Com. ex rel. Piccerelli v. Smith, supra, 150 Pa. Super. 105,27 A.2d 484, we said that it has always been the practice, irrespective of whether the Constitution requires it, for an accused to be supplied with counsel by the trial court when requested at a proper time, and that this universal practice had matured into a right, the denial of which is such basic and fundamental error as to amount to a denial of substantial justice.
The order of the Court of Common Pleas of Allegheny County is reversed, and the record is remitted to that court for a hearing, and to take appropriate action thereafter on the petition for the writ. *Page 39