Vicente Ruiz Soto, Petitioner, *v.* Félix R. Rivera, Warden of the Insular Penitentiary, Respondent.

No. 460. Argued June 5, 1950.—Decided June 9, 1950.

*R. V. Pérez Marchand, Ángel Cruz Cruz,* and *Santos P. Amadeo,* for petitioner. *Vicente Géigel Polanco, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for respondent.

Mr. Justice Marrero delivered the opinion of the Court.

Vicente Ruiz Soto was charged in the District Court of San Juan with murder in the first degree. After the trial, the jury entered a verdict of murder in the second degree, and the court sentenced him from ten to thirty years' imprisonment in the penitentiary at hard labor.

In his petition for habeas corpus he alleges that he had the assistance of counsel until the moment in which the jury entered a verdict of guilty, but not at the moment when the court imposed sentence on him, and that he was not advised, besides, of his right to the assistance of counsel at that stage of the proceeding, which right he did not waive expressly or impliedly. He requests the issuance of a writ of habeas corpus and, consequently, that the sentence be set aside. The writ sought having been issued and a date having been set for the hearing of the petition, the *Fiscal* of this Court consents to the request. The question then for decision is whether the petitioner should have been aided by counsel at the time the sentence was imposed, and whether in the absence of such aid, the judgment must be set aside.

The question thus raised was decided by this Court

in *Quiñones* v. *Saldaña*, 61 P.R.R. 75. In it we said on pages 78–79:

"It is only when the defendant appears without counsel to answer the charges made against him that § 141 of the Code of Criminal Procedure imposes upon the court the duty to admonish him that 'it is his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel.'

"The court had no need to do that in this case because the defendant appeared assisted by counsel, who defended him at the trial. When he appeared again to be sentenced, this time without counsel, the law did not impose upon the court the obligation to repeat the provisions of § 141. . . ."

The petitioner as well as the *Fiscal* of this Court, however, asks us to overrule that case because the contrary was decided by the Supreme Court of the United States and by various Circuit Courts of Appeal subsequent to our judgment rendered on November 20, 1942. Let us see:

In *Carter* v. *Illinois*, 329 U.S. 173, 174, 91 L. Ed. 172, 174 (1946), the United States Supreme Court decided that the need of being assisted by counsel may exist at every stage of the prosecution, from arraignment to sentencing, expressing also in its opinion that "This does not, however, mean that the accused may not make his own defense; nor does it prevent him from acknowledging guilt when fully advised of all its implications and capable of understanding them."

In *Willis* v. *Hunter*, 166 F. 2d 721 (1948), the Circuit Court of Appeals decided the following:

"In considering the question whether a petitioner has been accorded his constitutional right to the effective assistance of counsel at every stage in the proceedings against him, we have never found it necessary to decide precisely whether absence of counsel when sentence is imposed in and of itself amounted to a denial of that constitutional guaranty. We have stated, however, that 'an accused should have an opportunity to be heard by counsel on the sentence to be imposed and that a court should not impose sentence in the absence of counsel

without expressly ascertaining that a defendant does not desire his presence. . . .' This for the reason that 'many considerations influence the length of a sentence which is to be imposed, and a defendant should have the opportunity to have his attorney present any mitigating circumstances to the court for its consideration in determining the weight of the sentence,' "

citing *Batson* v. *United States*, 137 F. 2d 288, 289 (10th Cir., 1943).

See also *Viscuso* v. *Hunter*, 174 F. 2d 654 (10th Cir., 1949) ; *Wilfong* v. *Johnston*, 156 F. 2d 507 (9th Cir., 1946) ; *Thomas* v. *Hunter*, 153 F. 2d 834 (10th Cir., 1946).

The doctrine established by the foregoing cases to the effect that the defendant must also be assisted by counsel at the moment of imposing sentence, since he requires his guiding hand at every step in the proceedings,[1] appears to us truly wiser and of greater fairness than that established by this Court in *Quiñones* v. *Saldaña, supra*.

Section 318 of the Code of Criminal Procedure provides, for example, that "when the defendant appears for judgment he must be informed by the court, or by the clerk under its direction. of the nature of the charge against him, and of his plea, and the verdict, if any thereon, *and must be asked whether he has any legal cause to show why judgment should not be pronounced against him*." (Italics ours.) The defendant being generally a layman in the science of law, how is he to know if there exists any special reason why the sentence should not be imposed on him? Such legal reason may be one or many, but if he is a layman on the matter, he can hardly be familiar with them. Perhaps he may have the right to appropriately move for a new trial; perhaps he may present a motion in arrest of judgment; in the case of more than one sentence, perhaps he may ask that they be concurrent; or request to be given the benefit of a probation sentence; or offer attenuating circumstances for the mitigation of the sentence; or that he be sentenced to

---

[1] See *Powell* v. *Alabama*, 287 U. S. 45, 69, 77 L. Ed. 158, 84 A.L.R. 527.

502

jail or fine instead of to penitentiary; or to make any other petition which he may deem proper.

In view of the foregoing reasons, *Quiñones* v. *Saldaña*, *supra*, is expressly overruled insofar as it is decided therein that it is not necessary for a defendant to be assisted by counsel at the time of imposing sentence.

Judgment will be entered setting aside the judgment rendered against the petitioner on January 10, 1949 and ordering the District Court of San Juan to enter a new judgment against the petitioner, according to the terms of this opinion.

Mr. Justice Snyder did not participate herein.