John O. CUPP, Jr., Petitioner,

v.

D. M. BYINGTON, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent.

No. TH 59–C–42.

United States District Court
S. D. Indiana,
Terre Haute Division.

Jan. 11, 1960.

John O. Cupp, Jr., petitioner, pro se.

Don A. Tabbert, U. S. Atty., Indianapolis, Ind., for respondent.

STECKLER, Chief Judge.

This is an action for writ of habeas corpus in which the petitioner seeks release from the United States Penitentiary at Terre Haute, Indiana. The petitioner claims he is unlawfully held for the reason that the United States District Court for the District of Nevada did not have jurisdiction to revoke an order of probation which it had previously granted in the petitioner's case. Petitioner claims that the District Court for the District of Nevada, at the time his probation was revoked, was without jurisdiction over his case because, as a matter of fact, his probation supervision, although not transferred as a matter of record, was, in reality, performed by the probation officers of the Southern District of Indiana where petitioner was permitted to reside following his taking up residence in the State of Indiana.

Just why jurisdiction over petitioner was not transferred from the District Court of Nevada to the District Court for the Southern District of Indiana is

not disclosed. It is however, unquestioned that petitioner was permitted to reside in Indiana, engage in employment and was actively supervised by the probation officers of the Southern District of Indiana. Thus, inasmuch as jurisdiction over the petitioner was never transferred to the District Court for the Southern District of Indiana, the Nevada District Court still retained jurisdiction over the petitioner and, of course, had the right to revoke petitioner's probation in the event the terms of probation were found by the Nevada court to be violated.

The petitioner was arrested in the Southern District of Indiana on a warrant caused to be issued by the United States Probation Officer for the District of Nevada. After his arrest, petitioner was returned to the District of Nevada. There, on September 19, 1958, he appeared in open court with privately engaged counsel and waived formal hearing. The court, after hearing from the petitioner, the United States Attorney for the District of Nevada, and the probation officer, ordered his probation revoked and committed the petitioner to the custody of the Attorney General of the United States for a period of three years, the term of the sentence which had previously been suspended on October 19, 1956.

The return of the respondent, D. M. Byington, Warden, United States Penitentiary, Terre Haute, Indiana, shows that the petitioner is confined in his custody in compliance with the judgment and commitment of the District Court of Nevada and that the sentence which the petitioner is now serving began to run on September 19, 1958.

The petitioner claims he was not taken before a United States Commissioner in the Southern District of Indiana prior to his return to the District Court of Nevada and that he was removed to the District of Nevada without a removal hearing. He further claims that the District Court of Nevada did not have sufficient evidence upon which to base its order revoking probation. He also claims he did not have the services of competent counsel.

Thus it seems that the petitioner is under the impression that he was entitled to a probable cause hearing before the United States Commissioner in the Southern District of Indiana, and further that he is collaterally attacking the judgment of the District Court of Nevada. None of the grounds upon which petitioner bases his petition for writ of habeas corpus will avail him of the relief he seeks.

Title 18 U.S.C. § 3653 leaves it to the sentencing court to determine whether jurisdiction of a probationer will be transferred to another district to which the probationer goes after leaving the district of the sentencing court. So long as jurisdiction is retained by the sentencing court, it has the right to revoke probation when, within its sound judicial discretion, it deems such action to be warranted. Proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation. All that is required is that the evidence is such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation. Manning v. United States, 5 Cir., 1947, 161 F.2d 827, certiorari denied 332 U.S. 792, 68 S.Ct. 102, 92 L.Ed. 374. Nor can petitioner's dissatisfaction with the services of his privately engaged counsel be a valid basis for his petition in this action. In fact, it is not required that a probationer be represented by counsel in a probation revocation hearing. Gillespie v. Hunter, 10 Cir., 1947, 159 F.2d 410; Bennett v. United States, 8 Cir., 1946, 158 F.2d 412, certiorari denied 331 U.S. 822, 67 S.Ct. 1302, 91 L.Ed. 1838.

Overriding all of the foregoing is the fact that the petitioner, according to the record before this court, has never exercised his rights under Title 28 U.S.C. § 2255. Until this is done, an application for writ of habeas corpus cannot be entertained by this court.

As of this date, the court received from the petitioner a motion to subpoe-

na documents to supplement the record. The granting of such motion in this proceedings would furnish no additional basis upon which to grant the writ of habeas corpus. Whether the documents sought would aid the petitioner in a 2255 proceedings in the District Court of Nevada is not for this court to say. After considering the substance of the motion, it is hereby denied.

Since the record before the court discloses that as a matter of law, the petitioner is not entitled to the writ of habeas corpus, there is no reason for a hearing to be held in this action. Also, since the record establishes no basis for the issuance of the writ, the petitioner's application therefor is hereby denied, and it is ordered that this action be dismissed.