## Commonwealth ex rel. Whitling, Appellant, *v.* Russell.

278

Argued April 12, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

Armand R. Cingolani, Jr., with him Robert J. Stock, and Cingolani & Cingolani, for appellant.

Merle E. Wiser, District Attorney, for appellee.

OPINION BY WATKINS, J., June 15, 1961:

This is an appeal by Richard Whitling, the petitioner-appellant, from an order of the Court of Common Pleas of Clarion County denying, after hearing, his petition for a writ of habeas corpus.

The appellant and his twin brother, Ralph Whitling, were co-defendants, charged with sodomy and tried on February 23, 1960, in the Court of Quarter Sessions of Clarion County. They were both convicted and sentenced to a minimum term of five years and a maximum term of ten years; and to pay the costs and a fine of $500. He is now confined at the State Correctional Institute, Huntingdon, Pa.

No post-trial motions were made and no appeal taken. The general rule concerning the use of the extraordinary writ of habeas corpus has recently been much relaxed, especially by the Supreme Court of the United States and its scope expanded when lack of due process is contended and the interest of justice demands its use. *Commonwealth ex rel. Elliott v. Baldi,* 373 Pa. 489, 96 A. 2d 122 (1953).

The questions raised in the petition for the writ are as follows: (1) Was the appointment by the court, at the opening of the trial, of the petitioner's retained counsel to also represent his brother, a co-defendant, such a conflict of interest as to prejudice the appellant's right "to be heard by himself and his counsel?" (2) Was it fundamental error when the court below sentenced him in the absence of his retained counsel? (3) Was his right to a fair trial violated by being forced to sit at counsel table in handcuffs?

The right to assistance of counsel can be waived. But the courts indulge every reasonable presumption against the waiver of fundamental constitutional rights and do not presume acquiescence in the loss of such a right. In the instant case the appellant retained counsel before trial so that there is no question of waiver.

The question is whether the appointment by the court of his counsel, to also represent his brother, was such a conflict of interest as to deprive him of being heard by his counsel. There is some doubt in the record as to whether the court did, in fact, appoint counsel for his brother or that the court assumed that appellant's counsel also represented his brother. The pretrial notes of testimony show the following colloquy: "By the Court: Are you representing both defendants Mr. McGill? Mr. McGill: I have no objection to it." However, the appellant contends that the court appointed McGill after he said he had no objection to the joint representation. We will approach this question on the basis that the appointment was made by the court.

The appellant contends that he objected to his counsel representing his brother but admits that the objection was only made at counsel table to Attorney McGill, who did not appear at the habeas corpus hearing, and not to the district attorney or the court. And further, he testified that he had told his counsel that he was innocent of the charge but that his brother Ralph was guilty.

There is no question that a conflict of interest existed in this appellant's counsel, also representing the co-defendant, under the circumstances of this case. Counsel should not have accepted the appointment at the time it was made and advised the court of the conflicting circumstances if, as the appellant testified, he knew of them; and the court below, when the conflict became apparent as the trial proceeded, should have taken steps to immediately remedy the situation.

"The Federal Constitution does not command a state to furnish defendants counsel as a matter of course, as is required by the Sixth Amendment in federal prosecutions. Lack of counsel at state non-capital trials denies federal constitutional protection only when the absence results in a denial to accused of the

essentials of justice." *Gallegos v. Nebraska,* 342 U.S. 55, 72 S. Ct. 141, 96 L. Ed. 86, 94; *Commonwealth v. Asher,* 181 Pa. Superior Ct. 80, 124 A. 2d 701 (1956). Article 1, §9 of the Pennsylvania Constitution guarantees to the accused the right "to be heard by himself and his counsel."

There is, therefore, no constitutional right to be supplied with counsel whether or not it is requested. However, the practice of appointing counsel, where requested at a proper time, has matured into a right, the denial of which is such a basic and fundamental error as to amount to a denial of substantial justice. *Com. ex rel. Piccerelli v. Smith,* 150 Pa. Superior Ct. 105, 27 A. 2d 484 (1942). A conflict of interest on the part of counsel may be such as to deprive the accused of effective assistance of counsel, and under the federal decisions, such conflict, of itself, would be a deprivation of his rights under the Sixth Amendment and the courts are not permitted to "indulge in nice calculations as to the amount of prejudice" resulting therefrom. *Glasser v. U. S.,* 315 U.S. 60, 62 S. Ct. 457.

However, just as we have determined that the state does not have to furnish counsel as a constitutional right and the accused must show that lack of counsel denied him the essentials of justice, so, if we are to say that the conflict of interest in this case, in fact, existed, he is most certainly no worse off than having no counsel at all. So he has the burden of showing more than just the conflict of interest, but must go further and show that the conflict of interest resulted in such ineffective and improper representation as to result in basic and fundamental error.

Without condoning the action of counsel in accepting this representation and the action of the court below in permitting the conflict to exist and continue throughout the trial, we are still unable to find anything in the record to indicate that he did not have

the effective assistance of counsel except the jury's verdict.

We agree with the court below that anything he had told his counsel concerning his innocence and his brother's guilt was advanced by counsel in the evidence. The brother Ralph testified for Richard, the appellant, and the appellant testified against Ralph. The jury did not believe the testimony of both brothers as to Richard's innocence. There is nothing in this record to sustain a contention of such basic and fundamental error as to amount to a denial of substantial justice.

The contention of the appellant concerning the presence of counsel at the time of sentence has been decided by the Supreme Court in *Commonwealth v. Polens,* 327 Pa. 554, 194 A. 652 (1937), where that Court said at page 556: "While the practice of sentencing a defendant in the absence of his counsel is most unusual and is hereby condemned, we do not hold that counsel's absence in this case constitutes reversible error, no harm to defendant having resulted therefrom." The *Polens* case involved an appeal from the conviction and sentence in a murder case and we feel the same language is even more applicable here where we are considering a petition in habeas corpus, and the crime is of a less serious nature. The appellant was examined by the court carefully and he had his record before him; and, in fact, the sentencing judge was personally acquainted with defendant's entire history, so that no unfairness or harm resulted from the fact that his counsel was not present. *Com. ex rel. DeSimone v. Cavell,* 185 Pa. Superior Ct. 131, 135, 138 A. 2d 688 (1958).

The contention that he was forced to proceed to trial sitting at counsel table, chained in handcuffs, is without merit. The record shows that he was brought into court by the sheriff in handcuffs and seated in the back of the court room where prisoners are customarily seated. The court directed the handcuffs to be removed

prior to the empaneling of the jury. It is within the discretion of the trial court whether he should be shackled or attended by guards depending on the circumstances and the demeanor of the prisoner. 23 Corpus Juris Secundum, §977. "A person undergoing trial for a criminal offense should be free from shackles, unless, in the sound discretion of the trial court, they are deemed necessary to restrain him from doing violence to others, or to prevent his escape." *Com. v. Reid,* 123 Pa. Superior Ct. 459, 468, 187 A. 263 (1936). Here, the trial judge exercised his discretion by directing the removal of the handcuffs before the jury was empaneled and before the commencement of the trial.

Although the question was not raised in the petition, it is indicated in the record, and stated in oral argument, that the appellant was sentenced in chambers and not in open court. We will not discuss this question except to say that the sentence, which is a part of the trial, must be imposed in open court.

It should be noted that even if we agreed with appellant's contention concerning his sentence in the absence of counsel and even if he were, in fact, sentenced in chambers, and we agreed this was an invasion of his rights, our favorable decision could not work his freedom; or even effect a new trial; the only result would be a remand to the court below for resentence in open court with his counsel present. This would be a useless and vain proceeding where, in view of the jury's verdict and this appellant's record, we are unable to perceive how it would be possible for the court below to do anything else but resentence him to the identical term.

The record shows that he had previous to this accusation pleaded guilty to malicious mischief, forgery and rape. As the court below said: "The defendant and his brother were sentenced on the sodomy charge to serve not less than five years and not more than ten

years although the Court considered sentencing under the indeterminate Sentence for Certain Sex Offenses, Act of January 8, 1951, on the basis defendants, if at large, constituted a threat of bodily harm to members of the public. In the first sex offense for which defendants were in this court, a rape case, the victim was a feeble-minded person; in the sodomy case the victim a twelve year old boy. . . . The sex crimes of relator considering the victims were particularly distasteful; the evidence against relator was sufficiently strong no reasonable doubt could exist as to relator's guilt."

Order affirmed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

Appellant contends that after he had retained capable counsel for his own defense, his counsel did, without the appellant's permission and over his protests, represent a codefendant in the trial of his case. A defendant's desire to have the undivided assistance of counsel of his own choosing should be respected, since the additional burden of representing another party may conceivably impair counsel's effectiveness.

The general rule is that an attorney is disqualified from representing interests in conflict with each other. This precludes counsel from putting himself in a position where he may be required to choose between conflicting duties, or be led to an attempt to reconcile conflicting interests rather than to enforce, to their full extent, the rights of the party which he should alone represent. 7 C.J.S. Attorney and Client §47. This rule has been recognized by this Court in *Pile v. Thompson*, 62 Pa. Superior Ct. 400, where in the opinion it stated, at page 404, "It matters not that there was . . . no injury done, the rule is not intended to be remedial of actual wrong, but preventive of the possibility of it."

Appellant stated that he intended to testify against his brother, the codefendant, at the trial. However, having once accepted to defend the codefendant, appellant's counsel could not fully utilize such a move on the part of the appellant.

In *Commonwealth v. Cavanaugh,* 183 Pa. Superior Ct. 417, 133 A. 2d 288, this Court reversed an order refusing a writ of habeas corpus and granted a new trial because of ineffective representation after the defendant had pleaded guilty.

The instant case presents a much stronger argument for allowance of the writ of habeas corpus in that counsel for the appellant undertook the defense of the codefendant to the public detriment of appellant's case.

Under these circumstances, it is my conclusion that the action of the trial judge, in appointing the same counsel to represent codefendants, was unjustly prejudicial to the rights of the appellant and that the lower court erred in refusing to grant the writ of habeas corpus.

Therefore, I dissent.

FLOOD, J., joins in this dissent.