Per Curiam.

Appellant’s primary contentions are that he was sent to Lima in the first instance over his objection and without representation by counsel, and that his original hearings concerning the violation of his probation were heard without representation by counsel.
We will turn our attention first to appellant’s contention that he is entitled to release for the reason that he was sent to Lima for psychiatric examination over his objection and without benefit of counsel at his hearing thereon. The confinement to Lima for psychiatric observation has no relationship to his present incarceration. He is not presently confined as a result of that hearing but as a result of having been found guilty of the crimes for which he was charged. Therefore, appellant is not entitled to release on this ground.
We will now consider appellant’s argument that he was deprived of his rights by the failure of the court to appoint counsel to represent him at his probation hearing. To do this, we must first consider the nature and character of a probation hearing and the status of one on probation.
It must be remembered that at the time of a hearing on a violation of probation an accused has been tried and found guilty or has pleaded guilty. The criminal proceedings deter *235 mining his right to freedom have terminated and he is at large merely because of an act of judicial grace deferring the imposition of the sentence during the time he complies with the conditions of his probation. Probation is a matter of grace, not a matter of right. 41 Ohio Jurisprudence (2d), 269, Pardon, Parole and Reprieve, Section 2.
The right to appointment of counsel for an indigent defendant relates only to the trial of the defendant. Once such trial is concluded no further right exists to the appointment of counsel in relation to such trial. Even if an accused has been represented by counsel during his trial the absence of counsel at the time of sentencing is not reversible error unless the accused was prejudiced thereby. Commonwealth v. Polens, 327 Pa., 554, 194 A., 652. Inasmuch as sentencing in Ohio must be indeterminate, the absence of counsel at the time of sentencing would not be prejudicial to an accused who was sentenced after the revocation of his probation. Although an accused has the right to be represented by retained counsel in a hearing for the revocation of his probation, he has no right in such proceedings to the appointment of counsel to represent him. See, for example, Cupp v. Byington, Warden, 179 F. Supp., 669, where the court, at page 670, said:
“Nor can petitioner’s dissatisfaction with the services of his privately engaged counsel be a valid basis for his petition in this action. In fact, it is not required that a probationer be represented by counsel in a probation revocation hearing. Gillespie v. Hunter, 10 Cir., 1947, 159 F. (2d), 410; Bennett v. United States, 8 Cir., 1946, 158 F. (2d), 412, certiorari denied, 331 U. S., 822, 67 S. Ct., 1302, 91 L. Ed., 1838.”
Next, appellant contends that the court erred in the appointment of the attorney to represent him. He bases this argument on the fact that the attorney was an acting Municipal Court judge and as such, according to appellant, was prohibited from practicing law, relying on Section 4705.01, Revised Code.
However, the attorney appointed by the court to represent appellant was only an acting or in other words a part-time judge who would serve only in the absence of the regular Municipal Court judges and whose activities would be controlled by Section, 1901.11, Revised Code, relating to part-time judges elected *236 under Section 1901.08, Revised Code. Section 1901.11, Revised Code, provides in part:
“Judges designated as part-time judges by Section 1901.08 of the Revised Code shall receive as compensation not less than three thousand dollars per annum, as the legislative authority prescribes, and such judges shall be disqualified from the practice of law only as to matters pending or originating in the courts in which they serve during their terms of office.”
The appellant’s contention on this point is not well taken.
Appellant’s final argument is that he could not be guilty of an escape because he was not in legal custody. He contends that he was arrested without a warrant. However, so far as his probation hearing was concerned, he was taken into custody by the sheriff from the police by virtue of a bench warrant issued by the judge. The court had authority to issue such warrant under the provisions of Section 2951.08, Revised Code. Therefore, the appellant was in lawful custody under such warrant for violation of his probation regardless of any question as to the lawfulness of the custody of the police at the time he was arrested on the warrant for violation of his probation.
No error has been shown in the judgment of the Court of Appeals denying appellant his release, and such judgment is affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.