**UNITED STATES of America**

v.

**Dennis Noel JURGINS.**

**Cr. No. 77–53.**

United States District Court,
W. D. Pennsylvania.

Jan. 25, 1979.

As Amended April 5, 1979.

Henry G. Barr, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

G. William Bills, Jr., Pittsburgh, Pa., Theodore S. Hopkins, Asst. Federal Public Defender, Pittsburgh, Pa., for defendant.

## OPINION

ROSENBERG, District Judge.

This matter is now before me on a petition of the Probation Office to show cause why the probation of Dennis Joel Jurgins should not be revoked. On October 4, 1977, the defendant had been found guilty by a jury of receiving, possessing and concealing a stolen motor vehicle moving in interstate commerce in violation of § 2312 of Title 18 United States Code. The defendant's motion for a new trial and arrest of judgment was denied on October 14th. An order was issued by me on November 7th on the Magistrate's recommendation that the defendant's petition for a writ of habeas corpus be dismissed. On November 17th, the defendant was sentenced by this court to imprisonment for a period of five years less such time as had already been served. The imposition of defendant's prison sentence was suspended and he was placed on probation for a period of four years.

Harold W. Kelton, Supervising Probation Officer in this matter, presented a petition on September 18, 1978 for a hearing to show cause why the defendant's probation should not be revoked for violating certain conditions of probation. A hearing was held before me on September 28th and briefs were submitted thereafter.

On August 6, 1978, the defendant was arrested twice and charged with two separate crimes. The first incident described in Criminal Complaint No. 11667 of the City of Pittsburgh involved a robbery and receiving stolen property; the second, at Criminal No. 11677, involved only a robbery. Following the formal charging process, the defendant was taken to the Allegheny County Jail where he remained for a period of ten (10) days, securing bond on August 16th. During this period of incarceration, the defendant had available to him the means by which he could have communicated with his probation officer; however, no communication was ever made.

Subsequent to his release on August 16th, the defendant continued to be in violation of the conditions of probation by not then informing the probation officer of his arrest and subsequent release from prison. Finally, the probationer appeared on August 30th, before Officer Kownacki, the probation officer assigned to Jurgins. The officer had learned of the arrests from independent sources on August 9th while Jurgins was still incarcerated, allowing the probationer as much time as possible to voluntarily report the arrests. Not having received any word from Jurgins by August 25th, the officer then sent notice to the probationer of the hearing to be held on August 30th. The probationer claims this notice was received on the 30th, the day of the hearing. From the date of the arrests to the date of the notice to report to the probation office, twenty-five (25) days had elapsed without any word from the probationer. The probationer claimed at the hearing that he had instructed a prison official to inform the probation office and he had assumed that this was done. At the hearing, the prison official was not present to testify, no reason was given why the official was not asked to be present and an offer of continuation of the hearing by this court to allow the probationer to produce any additional testimony was specifically refused by the probationer's counsel.

At the hearing on the probation violation, the probation officer testified that he had given the defendant, immediately after being placed on probation, a list of seven conditions of probation as offered in Government's Exhibit A. Included in the conditions were directions to refrain from

violating any law and associating only with law-abiding persons, as well as to follow the probation officer's instructions and to report to the probation officer as directed. The exhibit indicates that the defendant signed it, had read it or had had it read to him and that he understood the conditions and would abide by these conditions. This was signed on November 17, 1977.

Additionally, Exhibit D was offered in evidence by the Government signed by the probation officer to the effect that he had read and given the defendant to understand the conditions of probation and how to submit probation reports. Additionally, Government's Exhibit E was offered in evidence as a copy of the report to the court praying that the probationer be made to appear on a specific date and time to show cause why his probation should not be revoked. As a part of this exhibit and attached to it was a recital of the fact that the probationer had been twice arrested on August 6th, 1978, released on Bond on August 16th on charges of robbery with the use of a gun by which he had been held for court on one of the charges; that the probation officer first learned of these arrests through other sources on August 9th; that after investigating the matter the probationer was confronted on August 30th with the facts of the arrests; and that the probationer acknowledged that these had occurred and that he had not yet reported them.

The petitioner recites two United States Supreme Court cases, *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) for the rule that certain minimum requirements of due process govern probation revocation proceedings and argues that these cases set forth minimum requirements of due process whereby two hearings are necessary: one, "At the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf . . . ", and two, "The final hearing is a less summary one because the decision under consideration is the ultimate decision to revoke rather than a mere determination of probable cause . . . ." Thereafter counsel sets forth due process requirements as "(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses . .; (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole. *Morrissey v. Brewer, supra,* at 489 [, 92 S.Ct. 2593.]"

The difficulty with counsel's list of requirements of due process is that he misinterprets the Supreme Court decision in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and attributes instructions to parole boards or commissions to probation officers coming directly under United States district courts, rather than as defined by statute and incorporated in Federal Rule of Criminal Procedure 32(f). This provides as follows:

"Revocation of Probation.

The court shall not revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing."

*Morrissey, supra,* relates exclusively to a "neutral and detached" hearing body such as a traditional parole board, members of which may not be judicial officers or lawyers. It does not relate to probation and its officers under the supervision of the district court.

While *Gagnon v. Scappelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) refers to *Morrissey* and includes the probation process in a state proceeding, the question in this case pivots on the necessity of all courts, district courts and appeals courts to the effect that an indigent "State" proba-

tioner or parolee must be represented by counsel.

Pursuant to Federal Rule of Criminal Procedure 32(f), the defendant was given full and complete notice of his activities, the dates thereof, the conditions by which he was required to abide, the breaches of the conditions and notification of the date of hearing. The defendant appeared in court at the hearing with counsel, where and when he heard the evidence against him. He was given the opportunity to testify and the right to call witnesses who could corroborate his testimony. This he failed to do.

It was for the District Judge to make a finding on the credibility between the probation officer and the probationer, and from all of the evidence presented before me, I have no choice but to find credibility in favor of the probation officer, and the other witnesses called by the Government, including two police officers who testified to the arrest and the victim of one of his robberies.

While there is evidence here that the probationer committed State crimes, I point out that he is not being held for the perpetration of the State crimes, but only for the violation of the conditions of the probation under which I placed him originally. Thus, it is obvious that I am not required to ascertain what happens to the State charges leveled against the probationer, but rather to the circumstances as they support or fail to support the charges of the probation office of violations of the conditions of the probation.

Thus, it is that I look at the circumstances in order to be reasonably satisfied or not satisfied that the terms of probation have been violated. *Burns v. United States*, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932); *United States v. Chambers*, 429 F.2d 410, C.A. 3, 1970.

All I need do is follow the directions contained in *Skipworth v. United States*, 508 F.2d 598, 602, C.A. 3, 1975. There it is stated:

"In revocation proceedings, the trial judge must reasonably satisfy himself that the probationer has broken some law while on probation or has otherwise violated a condition of his probation . . ."

Under these circumstances, I do not look to the eventual findings of the State tribunal on the charges of robbery made against the probationer. *United States v. Markovich*, 348 F.2d 238, C.A. 2, 1965.

This Circuit has defined the district court's power to consider such an issue in the case of *United States v. Manuszak et al.*, 532 F.2d 311, C.A. 3, 1976. There a federal probationer was found to have violated a condition of probation by conducting an illegal gambling business and he was sentenced to four-years imprisonment. The Court reaffirmed the rule followed throughout the circuits that revocation of probation rests on the sound discretion of the district court, and reversal was not warranted absent an abuse of that discretion. *United States v. Manuszak, supra*, at page 317.

Contrary to the probationer's argument, while he is entitled to a fair and impartial hearing on the charges of violation of probation, he is not entitled to a hearing conducted with the formalities of a trial on a criminal charge. *United States v. Lowe*, 173 F.2d 346, C.A. 2, 1949, cert. den. 337 U.S. 944, 68 S.Ct. 41, 92 L.Ed. 362, 1949. Thus, when a hearing is had after a probationer has been given understanding notice of the nature of the charges leveled against him by the probation officer and the purpose of a hearing, and he is present at the hearing with his counsel and given ample opportunity to present evidence and argument in his defense, the hearing is fair and full, due process is satisfied. *United States v. Worcester*, 190 F.Supp. 548 (D.C.Mass., 1960). And when such a hearing is had a determination by the trial court on the facts need not be supported by the quantum or degree of proof required to sustain a conviction of crime. *Manning v. United States*, 161 F.2d 827, C.A. 5, 1947, cert. den. 332 U.S. 792, 68 S.Ct. 102, 92 L.Ed. 374 (1947).

■ Thus, the hearing judge need not make a finding of violation of probation upon proof beyond a reasonable doubt, but only upon such evidence as will satisfy the judicial discretion of the court that probation has been violated. *Manning v. United States, supra; Cupp v. Byington,* 179 F.Supp. 669 (D.C.Ind., 1960); *United States v. Sutton,* 421 F.2d 1394 (C.A. 5, 1970); *United States ex rel. Lombardino v. Heyd,* 318 F.Supp. 648 (D.C.La., 1970), aff'd 438 F.2d 1027, C.A. 5, 1971, cert. den. 404 U.S. 880, 92 S.Ct. 195, 30 L.Ed.2d 160 (1971).

■ In this matter before me now, the government has reasonably satisfied this court that the probationer was indeed arrested on two occasions; that the probationer had twenty-five days to personally communicate the arrest to his probation officer; that the probationer fully understood the conditions of his probation;[1] and the probationer failed to adhere to his agreed upon conditions.

Accordingly, I have a sufficient legal basis for finding the defendant in violation of his probation, and an Order of Court will follow.

---

1. Government's Exhibit D.